COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-08-324-CR

 

 

ROBBIE LOFTIN                                                                                APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Appellant
Robbie Loftin appeals the trial court=s
denial of his motion for new trial.  We
will affirm.

A
jury found Appellant guilty of felony driving while intoxicated (DWI) and
assessed his punishment at twenty-six years=
confinement.








The
State=s
evidence at trial included Appellant=s
poor driving, the odor of alcohol on his breath, his admissions of having
consumed tequila, his slurred speech, an empty beer can in his truck, his
performance on sobriety tests, and police-officer-opinion testimony that
Appellant had lost the normal use of his physical and mental faculties.  Appellant refused to provide a sample of his breath
or blood, and the police did not seek a warrant for a blood sample.

The
evidence also included a videotape of Appellant=s
interaction with the arresting officer. 
Before trial, in response to Appellant=s
motion in limine, the parties agreed to mute those portions of the videotape in
which Appellant and the officer discussed Appellant=s
prior DWI offenses. 

On
cross-examination of the arresting officer, Appellant=s
defense counsel began by asking about the decision to not seek a warrant for a
sample of Appellant=s blood.  Counsel continued:

Q.  Felony DWI is a more serious offense than a
DWI first, fair to say?

 

A.  No.

 

Q.  No? 
Does it have a greater punishment range?

 

A.  It has a greater punishment range, but at
that time I didn=t know it was a
felony.

 

Q. 
Okay.  You didn=t know that there
wereBB 

 

A. You=re talking about when I arrested him,
correct?

 

Q.  It=s your testimony that
you had no knowledge that he had two prior       DWI=s that bumped this up
to a felony?

 

A.  I
had no knowledge.

 

[THE PROSECUTOR]: Your Honor, may we
approach?








THE COURT: Yeah, come on up here.

 

[DEFENSE
COUNSEL]: A felony DWI has a more serious punishment range than a misdemeanor;
is that right?

 

A. That=s correct?

 

Q.  And
the State of Texas has said that?

 

A. 
Yes.

 

Q.  You=re aware of that?

 

A. 
Yes.

 

Later, defense counsel
concluded his cross-examination of the arresting officer with more questions
about blood warrants. 

Before
redirect, outside the jury=s presence,
the prosecutor advised the trial court that he had instructed the witness that
any mention of Appellant=s prior convictions would be
edited from the videotape of the stop and that the witness was not to answer
any questions about Appellant=s
prior convictions. Defense counsel=s
re-cross included more questions about the benefits of a blood warrant and a
blood sample.  Finally, during closing
argument, defense counsel argued, among other things, that the jury could hold
the fact that police did not obtain a blood sample, which would have shown Aan
exact level of intoxication,@
against the State.

The
jury returned a verdict of guilty and assessed Appellant=s
punishment at twenty-six years=
confinement.








After
trial, Appellant filed, and the trial court granted a hearing on, Appellant=s
motion for new trial.  Appellant
presented testimony from his trial counsel and the arresting officer to show
that the officer=s testimony that he had Ano
knowledge@ of
Appellant=s
prior convictions was inconsistent with the portions of the videotape muted at
trial that contained some discussion about Appellant=s
prior DWI convictions.  At the conclusion
of the hearing, the trial court denied Appellant=s
motion for new trial, summing up its reasoning as follows:

We have a catch 22
here.  Trial counsel files a motion in
limine; I grant that.  Now, trial counsel
asked the witness, after being instructed not to testify regarding any prior statements,
(sic) questions about, well, did you know if he had any prior statements
(sic).  So, now, either he=s
going to say, no, he didn=t per the court=s
instructions or yes, I did, then he breaks the motion in limine.  So, you know, as far as that=s
concerned, I don=t think that=s
grounds for a motion for a new trial, and I don=t
believe there=s
any perjury there whatsoever.  That=s
just my take on it. 








Now,
in a single point on appeal, Appellant contends that the trial court Aviolated
[his] federal and state constitutional right to a fair trial@ by
overruling his motion for new trial. 
Despite this mention of the federal and state constitutions, however,
Appellant bases his arguments solely on the Texas Rules of Appellate
Procedure.  If a party provides no
argument or legal authority to support its position, we may properly overrule
the issue or point as inadequately briefed. 
Tex. R. App. P. 38.1(i); Russeau v. State, 171 S.W.3d 871, 881
(Tex. Crim. App. 2005), cert. denied, 548 U.S. 926 (2006); Tong v.
State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532
U.S. 1053 (2001).  Consequently, we will
not address Loftin=s constitutional
claims.  See Tex. R. App. P.
38.1(i) (requiring that appellate briefs contain clear and concise arguments
with appropriate citations to authorities); Vuong v. State, 830 S.W.2d
929, 940 (Tex. Crim. App. 1992) (holding appellant waived constitutional
argument where he failed to cite any specific constitutional provision to
support claim); Nolan v. State, 102 S.W.3d 231, 235B36
(Tex. App.CHouston
[14th Dist.] 2003, pet. ref=d) (AConclusory
statements which cite no authority present nothing for appellate review.@).

We
review a trial court=s denial of a motion for new
trial under an abuse of discretion standard. 
Webb v. State, 232 S.W.3d 109, 111 (Tex. Crim. App. 2007); State
v. Herndon, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007); Holden v. State,
201 S.W.3d 761, 763 (Tex. Crim. App. 2006); Lewis v. State, 911
S.W.2d 1, 7 (Tex. Crim. App. 1995).  We
do not substitute our judgment for that of the trial court; rather, we decide
whether the trial court=s decision was arbitrary or
unreasonable.  Holden, 201 S.W.3d
at 763.  A trial court abuses its
discretion by denying a motion for new trial only when no reasonable view of
the record could support the trial court=s
ruling.  Id; Lewis, 911
S.W.2d at 7.

Appellant
first argues that the trial court violated Texas Rule of Appellate Procedure
21.8(b) by making the comment quoted above when it denied Appellant=s
motion for new trial.  Appellant argues
that the comment violates Rule 21.8(b)=s
proscription on a trial court=s Amaking
any comment on the evidence in ruling on a motion for new trial.@








Prior
to its amendment, rule 21.8 provided, AIn
ruling on a motion for new trial, the court must not summarize, discuss, or
comment on evidence.@  Landers v. State, 256 S.W.3d 295, 301 n.4
(Tex. Crim. App. 2008) (quoting prior version of rule 21.8).  The rule was amended, however, by the Texas
Court of Criminal Appeals on December 13, 2006, effective January 1, 2007.  See Tex. R. App. P. 21.8 (amended
2007).  Appellant was tried in September
2008, and his hearing on his motion for new trial was held the next month on
October 21, 2008, almost two years after the effective date for the new
rule.  The new rule states in pertinent
part: AIn
ruling on a motion for new trial, the trial court may make oral or written
findings of fact.@  Tex. R. App. P. 21.8(b).  We hold, therefore, that Appellant=s
first argument is without merit, and we overrule this portion of Appellant=s
sole point.  See Tex. R. App. P. 21.8(b);
Landers, 256 S.W.3d at 301 n.4.    

Next,
citing subsections (b) and (g) of Texas Rule of Appellate Procedure 21.3,
Appellant  argues that the trial court Acommitted
reversible error in overruling the new trial motion on the basis that the
[o]fficer=s
testimony was inconsistent with the truth[,] should not have been allowed
before the jury,@ and denied him the ability
to Apursue
his trial strategy.@

Rule
21.3 provides, in pertinent part,

The
defendant must be granted a new trial, or a new trial on punishment, for any of
the following reasons:

 

. . . .

 








(b)
when the court has misdirected the jury about the law or has committed some
other material error likely to injure the defendant=s rights;

 

. . . .

 

(g) when the jury has
engaged in such misconduct that the defendant did not receive a fair and
impartial trial[.]

Tex. R. App. P. 21.3. 

There
is no evidence anywhere in the record of any misconduct by the jury.  On its face, therefore, part (g) of the rule
does not apply in this case and Appellant has provided no argument to show
otherwise.  See, e.g., Noland
v. State, 264 S.W.3d 144, 153 (Tex. App.CHouston
[1st Dist.] 2007, pet. ref=d)
(holding movant for new trial based on jury misconduct must prove that
misconduct occurred and that it resulted in harm to movant (citing Garza v.
State, 630 S.W.2d 272, 274 (Tex. Crim. App. 1981)).  Accordingly, we overrule this portion of
Appellant=s
sole point.








Similarly,
as to the portion of Appellant=s
sole point asserting that the trial court violated rule 21.3(b), even if we
were to assume that the trial court allowed the jury to hear Atestimony
inconsistent with the truth,@
Appellant has made no argument and provided no authority to show how the trial
court Amisdirected
the jury about the law.@  Tex. R. App. P. 21.3(b); see Tex. R.
App. P. 38.1(i).  Moreover, the record
shows no objection on the part of Appellant to the challenged portion of the
officer=s
testimony.  See Tex. R. App. P.
33.1(a); Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999)
(noting that if opportunity to object was afforded appellant and he failed to
object, he cannot use a later motion for new trial to preserve the error).
Accordingly, the trial court did not abuse its discretion by overruling
Appellant=s
motion for new trial on the basis that Asuch
blatantly improper testimony should not have been allowed before the jury.@  See Webb, 232 S.W.3d at 111; Herndon,
215 S.W.3d at 906; Holden, 201 S.W.3d at 763; Lewis, 911 S.W.2d
at 7.  We overrule this portion of
Appellant=s
sole point.








In
the end, what remains of Appellant=s
point is his assertion that the trial courtCpresumably
by allowing testimony that conflicted with a muted portion of the videotapeCcommitted
some material error likely to have injured Appellant=s
rights.  See Tex. R. App. P.
21.3(b).  Appellant asserts that he was
prevented from promoting his defense theory that Abecause
this was a felony DWI, more attempts should have been made by [the arresting
officer] to obtain a blood warrant.@  Although the record is silent as to how this
theory would have helped the defense, it is apparent from the record that
Appellant was not deprived of the opportunity to present it.  He visited the issue a number of times on
cross and re-cross of the arresting officer, and he argued in his closing
argument that the jury could hold it against the police for not securing a
warrant for a sample of Appellant=s
blood.  We hold, therefore, that the
trial court did not abuse its discretion by denying Appellant=s
motion for new trial because it committed no material error likely to injure
Appellant=s
rights.  See Webb, 232 S.W.3d at
111; Herndon, 215 S.W.3d at 906; Holden, 201 S.W.3d at 763; Lewis,
911 S.W.2d at 7; accord Igo v. State, 210 S.W.3d 645, 647 (Tex. Crim.
App. 2006) (providing that trial court errors under rule 21.3(b) do not
automatically warrant reversal without harm). 
We overrule the remainder of Appellant=s
sole point.

Having
overruled Appellant=s sole point of error, we
affirm the trial court=s denial of the motion for
new trial.

 

PER
CURIAM

PANEL:  WALKER, GARDNER, and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: April 29, 2010











[1]See Tex. R. App. P.
47.4.