Affirmed and Memorandum Opinion filed April 14, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00159-CR

___________________

 

Nakesha Nashay Caldwell, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the County Criminal Court at Law No. 7

Harris County,
Texas



Trial Court Cause No. 1599717

 



 

 

MEMORANDUM OPINION

A jury found appellant Nakesha Nashay Caldwell guilty
of prostitution and the trial judge sentenced her to 180 days imprisonment,
probated for six months, and a $500 fine.  Caldwell appeals her conviction,
contending that (1) the trial court erred in not declaring a mistrial after the
State made an improper closing argument, and (2) the trial court erred in
denying Caldwell’s motion for a new trial because the State’s improper closing
argument amounted to prosecutorial misconduct.  We affirm. 

I

Nakesha Caldwell was arrested for prostitution
following a Houston Police Department (HPD) undercover investigation at Treasures,
an adult-entertainment establishment in Houston.  HPD vice officer Brian
Surginer entered Treasures on May 13, 2009, at 9:45 p.m., and a waitress
escorted him to a table.  Officer Surginer testified Caldwell eventually approached
him and asked if he would like a private dance.  Officer Surginer accepted, and
testified Caldwell removed her top and performed two “lap dances” for $20 each. 
  

Officer Surginer told Caldwell he wanted more than a
lap dance, to which Caldwell responded that he might want to go to the
“champagne room.”  Caldwell described the “champagne room” as “a private area
where you can do pretty much what you want to do.”  Officer Surginer testified
Caldwell told him that to enter the “champagne room” he would have to buy a
bottle of champagne for $130 and “pay the girl $500.”  Caldwell further
explained that the area was very private and that Officer Surginer would receive
a “happy ending,” which Officer Surginer testified meant she would masturbate
him.  

 Officer Surginer responded that he wanted more than
a “happy ending” for $500.  Caldwell suggested he purchase the “executive
package” for $2,500, which would grant him access to the “VIP room” where, Caldwell
said, “You can do anything you want to do.  You get everything up there.”  When
Officer Surginer declined because the package was too expensive, Caldwell
suggested he could charge it to his credit card, and alternatively suggested he
could get “something in the middle range.”  Officer Surginer testified he and
Caldwell then agreed she would perform oral sex on him in exchange for $1,200. 
Officer Surginer then left the club under the pretext of taking a friend home
and getting cash from an ATM.  He instead returned to the club with an HPD raid
team and arrested Caldwell.  

Caldwell testified in her defense at trial, insisting
she only agreed to perform lap dances for Officer Surginer and never agreed to
have any sexual contact.  During closing argument, the prosecutor made the
following statement, which forms the basis for both of Caldwell’s points of
error:  “I mean, Treasures is, when you look at it, basically a front for
illegal prostitution.”  Defense counsel objected on the ground that the
statement was outside the record, and the trial court sustained the objection. 
Defense counsel then moved for an instructed verdict, which the trial court
denied.  Defense counsel never sought an instruction to the jury to disregard
the prosecutor’s statement.  Although defense counsel requested an “instructed
verdict” at trial, Caldwell complains on appeal that the trial court erred in refusing
to grant either a mistrial or her subsequent motion for a new trial.  

II

A

            Caldwell first
complains that the trial court erred in not declaring a mistrial, arguing that
“[n]ot only was the statement outside the permissible areas of closing
argument, it was calculated to put unsworn testimony before the jury.”  A mistrial
is appropriate only for “highly prejudicial and incurable errors.”  Simpson
v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (quoting Wood v.
State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).  It may be used to end
trial proceedings when faced with error so prejudicial that expenditure of
further time and expense would be wasteful and futile.  Id.  We review a
trial court’s decision to deny a motion for mistrial for abuse of discretion.  Webb
v. State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).  In doing so, we view
the evidence in the light most favorable to the trial court’s ruling and uphold
the trial court’s ruling if it was within the zone of reasonable disagreement. 
Id.  

            When a defendant
moves for mistrial without first requesting an instruction to disregard, as
occurred in this case, he will obtain reversal only if the error could not have
been cured by an instruction to disregard.  Young v. State, 137 S.W.3d
65, 70 (Tex. Crim. App. 2004) (“The party who fails to request an instruction
to disregard will have forfeited appellate review of that class of events that
could have been ‘cured’ by such an instruction.”); see also Thompson
v. State, 89 S.W.3d 843, 851 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d) (“Requesting a mistrial is insufficient to preserve error in most
circumstances because the appropriate remedy for a curable, erroneous argument
to which an objection has been sustained is an instruction to disregard.”). 
Therefore, Caldwell has preserved error as to the trial court’s denial of a
mistrial only if the error would not have been cured by an instruction to the
jury to disregard the prosecutor’s statement.  

In assessing the curative effect of a court’s
instruction to disregard, the correct inquiry is whether the argument (1) is
extreme, improper, injects new and harmful facts into the case, and (2) as a
result, is so inflammatory that its prejudicial effect cannot reasonably be
cured by an instruction to disregard.  See Long v. State, 823 S.W.2d
259, 267 (Tex. Crim. App. 1991).  Improper argument generally will be cured by
an instruction to disregard.  See Dinkins v. State, 894 S.W.2d 330, 357
(Tex. Crim. App. 1995); Anderson v. State, 633 S.W.2d 851, 855 (Tex. Crim.
App. [Panel Op.] 1982); Hodge v. State, 631 S.W.2d 754, 759 (Tex. Crim. App.
[Panel Op.] 1982).

We conclude an instruction to the jury to disregard
would have cured any error stemming from the prosecutor’s statement.[1]  Caldwell complains
the statement brought evidence in from outside the record, and the trial court
agreed.  We cannot say, however, that the statement was so inflammatory that a
jury could not have been expected to disregard it if so instructed.  See
Long, 823 S.W.2d at 267.  

The State argues vigorously that the statement was
proper as a reasonable deduction from the evidence that prostitution existed at
Treasures on a larger scale.  In making this argument, the State points to the
availability of private rooms, the suggested use of paying for sexual acts with
a credit card, the requirement to purchase a champagne bottle from the club’s
inventory to enter the “champagne room,” and that $500 was to be paid to “the
girl,” generically, in the champagne room.  Although it was within the trial
court’s discretion to find the statement went outside the record, we find the
State’s arguments persuasive to the extent the arguments suggest the
prosecutor’s statement was not extreme or inflammatory.    

Even if the remark were outside the evidence, it did
not invite the jury, as Caldwell suggests, to “consider rank speculation as
fact.”  In Thompson, our sister court held an instruction to disregard was
insufficient to cure error when the prosecutor told the jury “you should not
give [the defendant] anything less than ten years.  There’s a very important
reason but legally I’m not allowed to tell you what it is but it is very
important.”  89 S.W.3d at 850.  The prosecutor also asked the jury to “[t]rust
me on this” and warned that if the jury sentenced the defendant to fewer than
ten years, “you will find out later what’s going to happen.”  Id.  The
First Court of Appeals concluded the remarks injected “new and harmful” facts
and “urged the jury to consider matters outside of the trial record while
simultaneously acknowledging that to do so was prohibited by law.”  Id. at
851.  The court further noted that “[t]he very tone of the argument was that
something bad, if not horrible, would happen if the jury failed to assess the
maximum sentence.”  Id.

The prosecutor in this case did not urge the jury to
speculate as to facts outside the record or suggest, as in Thompson,
that an unfavorable outcome would result if a particular verdict were
returned.  At most, the prosecutor made an unwarranted deduction from the
evidence presented at trial that amounted to an argument outside the record.  To
the extent the prosecutor’s statement in this case injected new and harmful
facts or urged the jury to consider evidence not in the record, the statement
was not so extreme or inflammatory that an instruction to disregard would have
had no curative effect.  See Young, 137 S.W.3d at 70; Long, 823
S.W.2d at 267; Dinkins, 894 S.W.2d at 357.  We overrule Caldwell’s first
issue.  

B

In her second issue, Caldwell complains the trial
court erred in denying her motion for new trial because the prosecutor’s closing
argument amounted to prosecutorial misconduct.  Caldwell argues the State’s
suggestion that Treasures is a front for prostitution deliberately flouted
known rules in order to prejudice the jury and deny her a fair trial.[2]  See Ex parte
Peterson, 117 S.W.3d 804, 816 n.55 (Tex. Crim. App. 2003), overruled on
other grounds by Ex parte Lewis, 219 S.W.3d 335 (Tex. Crim. App. 2007); Johnson
v. State, 604 S.W.2d 128, 135 (Tex. Crim. App. [Panel Op.] 1980).

A trial judge’s denial of a motion for new trial is
reviewed for an abuse of discretion.  Charles v. State, 146 S.W.3d 204,
208 (Tex. Crim. App. 2004).  We do not substitute our judgment for that of the
trial court; rather, we decide whether the trial court’s decision was arbitrary
or unreasonable.  Holden v. State, 201 S.W.3d 761, 763 (Tex. Crim. App.
2006).  A trial court abuses its discretion in denying a motion for new trial
only when no reasonable view of the record could support the trial court’s
ruling.  Id.  

Here, our inquiry as to whether it was within the
trial court’s discretion to deny Caldwell’s motion for new trial begins and
ends with our determination that an instruction to the jury to disregard the
prosecutor’s statement would have cured any error.  Although the Court of
Criminal Appeals has held it is within the trial court’s discretion to grant a
new trial based on unpreserved error, it has also stated that it is within the
trial court’s discretion to deny a motion for new trial on the basis that error
was not preserved.  See State v. Herndon, 215 S.W.3d 901, 911 n.39 (Tex.
Crim. App. 2007).  This discretion is particularly warranted in cases such as
this one, in which defense counsel’s failure to request an instruction to the
jury to disregard the prosecutor’s statement denied the trial judge the opportunity
to “immediately rectify any potential problems and ensure that the original
trial moves forward unhampered by any error in its proceedings.”  Id.; see
also Saldano v. State, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002).  We have
already concluded a timely requested instruction to disregard would have cured
any error in this case.  We therefore need go no further in finding the trial
court did not abuse its discretion by denying Caldwell’s motion for new trial. 
Caldwell’s second issue is overruled. 

* * *

For the
foregoing reasons, we affirm the trial court’s judgment.

 

            

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices
Brown, Boyce, and Jamison.  

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] The State does not argue
that defense counsel’s request for an “instructed verdict” was insufficient to
preserve error, noting that “[a]lthough defense counsel appears to have
misspoke when he moved for an instructed verdict rather than a mistrial, the
trial judge seems to have treated it as a motion for mistrial.”  Because we
conclude an instruction to the jury to disregard the statement would have cured
any error, we do not address the separate inquiry of whether defense counsel’s
motion for an instructed verdict preserved for appeal her complaint that the
trial court erred in not granting a mistrial.  





[2] Caldwell’s argument is
based, in part, on her contention that the prosecutor violated one of two
motions in limine she contends the trial court granted.  One of the two limine
rulings required the prosecutor to approach the bench before offering or
eliciting “any testimony or statements that the Defendant or other persons
present at Treasures on or about May 13, 2009 are prostitutes.”  Copies of the
motions in limine are in the appellate record, but are not signed by the trial
court and contain no indications as to what requests were granted or denied. 
The record also contains a transcript of a pre-trial hearing at which the trial
court seemed to grant portions of the motion in limine, but the court’s
instructions do not directly correspond to the specific requests in Caldwell’s
two filed motions.  However, even assuming both motions were granted in their
entirety, a single violation of a motion in limine would, in the vast majority
of cases, be insufficient to support a finding of prosecutorial misconduct.  See
Ex parte Wheeler, 203 S.W.3d 317, 328 (Tex. Crim. App. 2006).