Angela HOLDEN, Appellant,

v.

The STATE of Texas.

No. PD–1699–05.

Court of Criminal Appeals of Texas.

Sept. 20, 2006.

Josh Schaffer, Houston, for Appellant.

Donald W. Rogers, Jr., Assistant District Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, KEASLER, HERVEY, and COCHRAN, JJ., joined.

The issue in this case is whether a trial court always errs by deciding a motion for new trial on the basis of affidavits when a party has requested a hearing. We hold that such a procedure is not always in error.

In this case, the basis of the motion for new trial was ineffective assistance of trial counsel. The appellant was the chief clerk for a constable of Harris County. Her responsibilities included issuing payroll checks and handling the accounts payable and receivable. An audit of the constable's accounts showed that the office had paid about $80,000 to appellant, or to her relatives who also worked for the constable, for several hundred more hours than they actually had worked.

The appellant pleaded no contest to an indictment that accused her of the second-degree felony of theft by a public servant. There was no agreement as to punishment. The trial court deferred sentencing and ordered a pre-sentence investigation report. As part of the report, the appellant submitted a statement. She said that she never intended to commit theft, but that she accepted responsibility for her mistakes.

After the trial court sentenced her, the appellant retained new counsel. She filed a motion for new trial claiming that her former trial counsel was ineffective. The appellant and the trial counsel each submitted an affidavit. In her affidavit, the appellant said that her counsel failed to advise her that lack of intent was a defense to the theft charge. She claimed that if she had known of such a defense, she would have pleaded not guilty and gone to trial. The trial counsel said in his affidavit that he advised the appellant not to rely on a defense based on lack of intent or knowledge because, although she told him that she did not intend to commit theft, she offered no explanation of the facts other than that she made a mistake.

The trial court held a hearing on the appellant's motion for new trial. The appellant's new counsel indicated that he was prepared to call the appellant's trial counsel but was informed that the court wanted to proceed by affidavits. He objected to not being allowed to call witnesses. He particularly wanted to question the trial counsel about certain omissions from his affidavit. After considering the parties' arguments and the affidavits submitted, the trial court denied the motion for new trial.

On appeal, the appellant argued that the trial court erred in denying her motion without allowing witnesses to give testimony which would have fully developed significant omissions in her trial counsel's affidavit. The Thirteenth Court of Appeals noted that the trial court is given discretion by Rule of Appellate Procedure 21.7, which reads, "The court may receive evidence by affidavit or otherwise." The Court of Appeals held that the trial court, which held a hearing and considered the affidavits, did not abuse its discretion in denying the appellant's motion for new trial.[1]

---

1. *Holden v. State*, No. 13–03–624–CR, 2005 WL 2060630 (Tex.App.-Corpus Christi–Edinburg 2005) (not designated for publication).

■ The appellant now argues that the Court of Appeals erred because the affidavits were ambiguous and conflicting as to material facts.

■ A trial court abuses its discretion in failing to hold a hearing when a defendant presents a motion for new trial raising matters not determinable from the record.[2] But a trial court may rule based on sworn pleadings and affidavits without oral testimony; live testimony is not required.[3] "It has long been held that a trial court may decide a motion for new trial based on sworn pleadings and affidavits admitted in evidence without hearing oral testimony."[4]

■ An appellate court reviews a trial court's denial of a motion for new trial under an abuse of discretion standard.[5] We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling.[6]

Recently, we reaffirmed the standard of review for denials of motion for new trial when such a denial is based on affidavits only. We held that "in the context of a denial of a motion for new trial, a deferential rather than de novo standard applies to our review of a trial court's determination of historical facts when that determination is based, as here, solely upon affidavits regardless of whether the affidavits are controverted."[7]

The appellant relies heavily on a court of appeals' decision in which a defendant complained that the trial court denied his motion for new trial, which complained of ineffective assistance of counsel, without conducting an evidentiary hearing. The Ninth Court of Appeals recognized that Rule 21.7 allows a trial court to receive evidence by affidavit or otherwise. It held, however, that "when a motion for new trial presents matters that are not determinable from the record, the trial court abuses its discretion by failing to hold a hearing; however, if the motion presents matters that are determinable from the record, the failure to conduct a hearing is not an abuse of discretion."[8] Because the defendant's affidavit recited facts that controverted factual statements in the prosecutor's and trial counsel's affidavits, the Ninth Court concluded that the trial court abused its discretion by considering the motion on affidavits alone.[9]

We think that the Ninth Court's decision is incompatible with our more recent decision in *Manzi v. State*.[10] There, dealing with a hearing on a motion to suppress evidence, this Court held that the court of appeals correctly deferred to the trial court's resolution of the facts from conflicting affidavits. We also recognized the authority of the trial court to decide contested factual issues on affidavits.

2. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Cr. App.1993).

3. *Rivera v. State*, 89 S.W.3d 55, 58–59 n. 9 (Tex.Cr.App.2002).

4. *Scaggs v. State*, 18 S.W.3d 277, 281 (Tex. App.-Austin 2000, pet. ref'd) (Dally, J.).

5. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Cr.App. 1995).

6. *Id.*

7. *Charles v. State*, 146 S.W.3d 204, 210 (Tex. Cr.App.2004).

8. *Morse v. State*, 29 S.W.3d 640, 641 (Tex. App.-Beaumont 2000, no pet.).

9. *Id.* at 642.

10. 88 S.W.3d 240 (Tex.Cr.App.2002).

The appellant argues that in *Manzi,* "at least three judges of this Court recognized that affidavits are insufficient and oral testimony is necessary to make credibility determinations in certain circumstances." [11] Even if the appellant has read *Manzi* correctly, that case does not support her, precisely because the circumstances of this case are *less* favorable to her than the circumstances were to Manzi. *Manzi* involved a pre-trial hearing on a motion to suppress evidence. The affidavits offered were those of the defendant and several narcotics officers. The trial judge had had no prior opportunity to evaluate the demeanor or credibility of the affiants or to become familiar with the case.

In this case, the affiants were the defendant and her trial counsel. They had already appeared in the trial court, where the trial on the plea of nolo contendere had been held, and the trial judge had already had an opportunity to evaluate the affiants. The court had received a pre-sentencing report about the offense and the defendant, and the judge was familiar with the history and facts of the case. The subjects at issue also were familiar to a judge: a defendant's characterization of her conduct and her mental state, and a defense counsel's advice about the wisdom of relying on such a characterization as a defense. If the *Manzi* court's determination of credibility was entitled to deference on appeal, then *a fortiori* is the trial court's determination entitled to it in this case.

We do not accept a *per se* rule that a trial court must hear live testimony whenever there is a factual dispute in affidavits and a party asks for testimony. Here we hold that, in this case, the trial court did not abuse its discretion by deciding the motion on the affidavits.

We affirm the judgments of the courts below.

PRICE and JOHNSON, JJ., concurred in the judgment.

HOLCOMB, J., dissented.