In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-494 CR


____________________



DARREN DWAYNE PORTER a/k/a DARRIN DEWAYNE PORTER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 92488






 MEMORANDUM OPINION


 A jury convicted Darren Dwayne Porter of sexual assault of a child and assessed
punishment at ten years in prison. (1) See Tex. Pen. Code Ann. § 22.011(a)(2)(A), (c)(1)
(Vernon Supp. 2006). Porter filed a motion for new trial. He asserted that although he
sought to exercise his right to testify at the trial's guilt-innocence phase, trial counsel did not
allow him to do so, and counsel did not advise him of his absolute right to testify. Without
a hearing, the trial court denied Porter's motion for new trial. On appeal, Porter asserted the
trial judge abused his discretion in failing to hold a hearing. We abated the appeal for a
hearing. See Porter v. State, No. 09-05-494 CR, 2007 WL 1364643 (Tex. App.-- Beaumont
May 9, 2007, no pet. h.). The trial court conducted the hearing, and a supplemental record
has been filed with this Court. In a supplemental brief, Porter argues that the evidence from
the motion-for-new-trial hearing demonstrates trial counsel never informed him he had a
right to testify at the guilt-innocence phase of the trial, and that this failure constituted
ineffective assistance of counsel. 

 At the motion-for-new-trial hearing, Porter expressly testified his trial counsel never
told him he had a right to testify at the guilt-innocence phase of the trial. Porter also stated
he specifically informed counsel by written note during trial that he wanted to testify, but
counsel declared he was not going to put him on the stand at guilt-innocence. 

 Porter's trial counsel testified at the hearing on the motion for new trial. He explained
that at the close of the State's evidence, he normally advises a client of his right to testify. 
Counsel then referenced the reporter's record from Porter's trial and noted the following: 

 I will note in the record [from the trial] that I did ask for a moment from the
Court, and normally that indicates that I'm discussing with my client . . .
whether or not he should testify at that point. And that is apparent in the
transcript that I did ask for a moment. And it's not reflected in the record
whether I actually was talking to him, but I can testify from previous
experience that would be what that's for.


Trial counsel also stated, "It is my practice to inform defendants that they have a right to
testify and I do that as a matter of practice in every case I try, but as far as having a specific
recollection of telling him he had a right to testify, I can't testify that I have a specific
recollection of that." Trial counsel also explained that, because of Porter's prior felony for
burglary, "given the state of the [complaining witness's] testimony," counsel thought that
"going to a jury" with Porter's testimony was inadvisable. Trial counsel further indicated he
has never told a client he did not have the right to testify. 

 The grant or denial of a motion for new trial is within the trial court's sound
discretion. Holden v. State, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). The reviewing
court does not substitute its judgment for that of the trial court; the question is whether the
trial court's decision was arbitrary or unreasonable. Id. Only when no reasonable view of
the record could support the trial judge's ruling does a trial court abuse its discretion. Id.

 The trial judge may have found Porter's testimony incredible and his counsel's
testimony credible. From this record, the trial court could have concluded: that trial counsel
followed his customary practice, and during the pause in the proceedings at the close of the
State's evidence, informed Porter of his right to testify; that counsel did not tell Porter he had
no right to testify; and that Porter understood he had a right to testify at trial but chose not
to do so. The trial court did not abuse its discretion in denying the motion for new trial. 

 The judgment is affirmed.

 AFFIRMED.

 ___________________________

 DAVID GAULTNEY

 Justice


Submitted on January 11, 2007

Opinion Delivered October 24, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.






1. Porter was also assessed a $5,000 fine.