IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00412-CR

 

Christopher Ralph Campos,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the County Court at Law No.
2

McLennan County, Texas

Trial Court No. 20060658CR2

 



MEMORANDUM  Opinion










 

            Christopher Ralph Campos was convicted
of assaulting his girlfriend’s nine-year-old son.  He was sentenced to 120 days
in jail.  Because the evidence was both legally and factually sufficient, and
because the trial court did not err in denying Campos’ motion for new trial,
the trial court’s judgment is affirmed.

Background

            Campos and Toni King were living
together in King’s condominium with King’s son, Tyler Gibson.  On September 11,
2005, Devin Craddock, who lived across the street from King, heard loud
screaming and went outside to see what was happening.  She saw Campos and King outside, arguing.  Campos was using profanity and King was screaming. 
During the argument, Craddock saw Gibson come out and yell at King and Campos to stop.  She then saw Campos turn around and hit Gibson in the jaw with his fist. 
The boy fell to the ground, got up crying, and tried to stop the argument
again.  Craddock saw Campos hit Gibson again, knocking him to the ground. 
Craddock saw that the side of Gibson’s face was red.  At the trial, Campos and King denied that Campos struck Gibson.

Sufficiency of the
Evidence

            In his first two issues, Campos argues that the evidence was both legally and factually insufficient to establish
that he caused bodily injury to the victim because there was no testimony from
the victim or others that the victim experienced pain.  Campos argues that
because he denied hitting Gibson, King denied that Campos hit Gibson, and
Gibson did not testify, thus there was no direct evidence of the effects of the
assault, the evidence is both legally and factually insufficient to establish
that Gibson suffered bodily injury.  Bodily injury was defined for the jury as
“physical pain, illness, or any impairment of physical condition.”  

            In reviewing the legal sufficiency of
the evidence, this Court looks at all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979).  
Courts reviewing all the evidence in a light favorable to the verdict must
assume jurors made all inferences in favor of their verdict if reasonable minds
could, and disregard all other inferences in their legal sufficiency review.  Evans
v. State, 202 S.W.3d 158, 165 n.27 (Tex. Crim. App. 2006).  When faced with
conflicting evidence, the reviewing court presumes the trier of fact resolved
any such conflict in favor of the prosecution.  Fuentes v. State, 991
S.W.2d 267, 271 (Tex. Crim. App. 1999).

            In a factual sufficiency review, the
evidence is reviewed in a neutral light.  Roberts v. State, 220 S.W.3d
521, 524 (Tex. Crim. App. 2007); accord Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000).  Only one question is to be answered in a factual
sufficiency review:  Considering all of the evidence in a neutral light, was a
jury rationally justified in finding guilt beyond a reasonable doubt?  Watson
v. State, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006).  "Evidence is
factually insufficient when . . . the evidence is 'so weak' that the verdict
'seems clearly wrong or manifestly unjust,' or the verdict is 'against the
great weight and preponderance of the evidence.'"  Castillo v. State,
221 S.W.3d 689, 693 (Tex. Crim. App. 2007) (quoting Watson at 414-15,
417).  "[A]n appellate court must first be able to say, with some
objective basis in the record, that the great weight and preponderance of the .
. . evidence contradicts the jury's verdict before it is justified in
exercising its appellate fact jurisdiction to order a new trial."  Watson
at 417.

            Campos and King testified that Campos was irritated at Gibson because he was sticking his tongue out at Campos and being
disrespectful.  King then joined in with Gibson.  Campos stated that he told
Gibson he was going to snatch his tongue out of his mouth and reached for
Gibson, pretending he was going to grab his tongue.  Both Campos and King
denied that Campos ever struck Gibson.  Gibson did not testify.

            The State’s witness to the assault was
Devin Craddock, a neighbor across the street from Campos and King.  She did not
know Campos, King, or Gibson.  But she testified that after being drawn outside
by screaming and the use of profanity, she witnessed Campos strike Gibson with
a closed fist on the side of the face on two occasions while Campos was arguing
with King.  The blows knocked the boy to the ground.  Craddock further
testified that when Gibson got up from the ground, he was crying and screaming,
and the left side of his face was red.  It appeared to Craddock that Gibson was
in pain.  A friend of Craddock, who was also outside when the incident
occurred, called the police.  One of the officers who arrived on the scene
noticed a scratch on Gibson’s chin, which King explained to the jury was just
acne.  

            Campos contends that Craddock’s
testimony was not enough to support an inference of pain.  But the definition
of bodily injury appears to be purposefully broad and seems to encompass even
relatively minor physical contacts so long as they constitute more than mere
offensive touching.  Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App.
1989).  Accordingly, viewing the evidence under the appropriate standards, the
evidence is both legally and factually sufficient to prove Gibson sustained
bodily injury.  Campos’ first and second issues are overruled.

Motion for New Trial

            In his third issue, Campos contends
the trial court erred in denying his motion for new trial because he presented
new evidence which was favorable to him and which probably would have resulted
in a different verdict.  Campos timely filed a motion for new trial and
attached the affidavits of Jennifer Thomasson, a neighbor, William Tyler
Gibson, the victim, and Lisa Boatman, a school nurse.  On appeal, Campos claims Thomasson’s testimony was new evidence.

            Article 40.001 of the Texas Code of
Criminal Procedure provides that "[a] new trial shall be granted an
accused where material evidence favorable to the accused has been discovered
since trial."  Tex. Code Crim.
Proc. Ann. art. 40.001 (Vernon 2006).  Under that statute, a defendant
is entitled to have his motion for new trial granted if (1) the newly
discovered evidence was unknown to him at the time of trial; (2) his failure to
discover the new evidence was not due to his lack of due diligence; (3) the new
evidence is admissible and not merely cumulative, corroborative, collateral, or
impeaching; and (4) the new evidence is probably true and will probably bring
about a different result in a new trial.  Wallace v. State, 106 S.W.3d
103, 108 (Tex. Crim. App. 2003).  The trial court has discretion to decide
whether to grant a new trial based on newly discovered evidence, and its ruling
will not be reversed absent an abuse of discretion.  Keeter v. State, 74
S.W.3d 31, 37 (Tex. Crim. App. 2002).  A trial court abuses its discretion in
denying a motion for new trial only when no reasonable view of the record could
support the trial court's ruling.  Holden v. State, 201 S.W.3d 761, 763
(Tex. Crim. App. 2006).  

            Campos presented no evidence in his
motion or at the new trial hearing that Thomasson’s testimony was unknown to
him at the time of the trial or that his failure to discover the new evidence
was not due to his lack of due diligence.  Campos alleged in his motion for new
trial that Thomasson, a next door neighbor and friend of Toni King, had moved
by the time of the trial and had not left a forwarding address.  He also
alleged that she was only recently located based on new evidence uncovered by
his investigator.  However, no evidence was presented to back up these
allegations.  There were no affidavits from Campos’ trial counsel or his
investigator.  And Thomasson’s affidavit does not explain her whereabouts at
the time of the trial or how she was located.  Further, while her statements in
the affidavit may not have been cumulative, they would not probably bring about
a different result in a new trial.  Thomasson stated that she walked outside
after King, Gibson, and Campos were already outside talking.  She also stated
that no one was afraid or upset, indicating that she had not been outside when
Campos was screaming which was the time that the witness saw him strike Gibson.

            After reviewing the four prong test,
the trial court did not abuse its discretion in denying Campos’ motion for new
trial based on Thomasson’s affidavit.  His third issue is overruled.

            By his fourth issue, Campos contends
that the ends of justice required the trial court to grant a new trial, where
he was able to produce evidence that established he was not guilty of the
offense of which he had been convicted.  Campos relies on the affidavits of
Thomasson, Gibson, and Boatman.

            A trial judge has the authority to
grant a new trial "in the interest of justice."  State v. Herndon,
215 S.W.3d 901, 906 (Tex. Crim. App. 2007).  A trial judge does not have
authority to grant a new trial unless the first proceeding was not in
accordance with the law.  Herndon, 215 S.W.3d at 907.  He cannot grant a
new trial on mere sympathy, an inarticulate hunch, or simply because he
personally believes that the defendant is innocent or "received a raw
deal."  Id.

            Campos contends that the affidavits
support his testimony and King’s testimony that no assault occurred.  As we
stated previously, Thomasson’s affidavit indicates that she had not been
outside when Campos was screaming which was the time that the witness saw him
strike Gibson.  Boatman, the school nurse, stated in her affidavit that
Gibson’s mother asked her to check his chin and that she only saw acne and saw
no evidence of Gibson being struck.  Boatman states no time frame as to when
she examined Gibson’s chin.  And although one of the police officers stated
that he saw a scratch on Gibson’s chin, Craddock stated that the side of
Gibson’s face was red after Campos struck him.  Boatman’s affidavit does not,
and cannot, address what the witness saw.  Gibson stated in his affidavit that Campos did not strike him.  Neither the State nor the defense called Gibson as a witness.

            It does not appear by these affidavits
that Campos’ trial was not in accordance with the law.  Therefore, the trial
court did not abuse it’s discretion in denying Campos’ motion for new trial.  Campos’ fourth issue is overruled.

Conclusion

            Having overruled each issue presented
for review, the trial court’s judgment is affirmed.

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed

Opinion
delivered and filed January 2, 2008

Do
not publish

[CR25]