NO. 07-08-0095-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 6, 2008

_____

VICTOR GRAJEDA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 84TH DISTRICT COURT OF OCHILTREE COUNTY;

NO. 4168; HON. WILLIAM D. SMITH, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Victor Grajeda (appellant) plead guilty to driving while intoxicated without the benefit of a plea agreement before the trial court. The court found him guilty and assessed punishment at six years in prison. Subsequently, appellant filed a motion for new trial and claimed ineffective assistance of counsel. A hearing was held and at the close of the hearing, the motion was denied. Appellant now contends that 1) the trial court erred in

denying his motion for new trial and 2) he received ineffective assistance of counsel. We affirm.

### *Issues One and Two - Motion for New Trial*

Again, through his two issues, appellant contends that he received ineffective assistance of counsel. This is allegedly so because 1) he was unaware of the consequences of his guilty plea including the possibility of his imprisonment, 2) trial counsel failed to contact or call witnesses to testify on appellant's behalf, and 3) trial counsel failed to introduce any evidence on appellant's behalf except for medical records.

We are not the first to consider appellant's assertion of ineffective assistance. As the record discloses, the trial court too had that opportunity via the motion for new trial. Moreover, upon hearing evidence and argument of both appellant and prosecutor, it decided to deny the motion. So, because appellant is effectively asking us to review the trial court's decision *viz* that motion, we recognize that the standard of review is one of abused discretion. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006) (stating that an appellate court reviews the trial court's decision to deny a new trial under the standard of abused discretion). This in turn means that to the extent the decision rests on such matters as the resolution of conflicts within the evidence, the development of reasonable inferences of fact from the evidence presented, and the consideration of a witness' credibility, we are not without limitations. Indeed, authority obligates us to defer to the manner in which the trial court resolved those conflicts or found a witness' testimony credible. *Id*. Nor are we able to supplant our views for those of the trial court, so long as its decision finds support in the record.

Simply put, if the tenor of the evidence before the trial court would allow reasonable minds to disagree as to the ultimate facts, then the trial court's decision fell within that zone of reasonable disagreement. If it did that, then it did not abuse its discretion in denying appellant a new trial. And, that is the situation here.

First, regarding appellant's contentions that he did not know or understand the consequences of entering his guilty plea and that counsel did not inform him of the possibility of being imprisoned, the trial court could well have found the testimony to that effect incredible. As West Texans are prone to say, "this was not his first rodeo." He had three prior felony convictions and four misdemeanor convictions. Of those seven, five were for operating a motor vehicle while intoxicated. The pre-sentence report tendered into evidence also revealed that appellant had served some jail time as a result of one or more of those convictions as well as probation. To this we add appellant's testimony that he spoke with two lawyers in addition to his ultimate trial attorney and that the first two lawyers he spoke with told him that he would "not" receive probation and that he was going to go to jail. So too is there evidence in the record indicating that appellant contradicted some of his own testimony. The latter circumstance, coupled with his experience with the criminal justice system, his prior convictions for driving while intoxicated, his prior terms in jail due to one or more of those convictions, and his discussions with lawyers who told him he was going to jail, provided the trial court with basis to discredit his allegations that he

knew neither the effect of his guilty plea nor the possibility that he would be imprisoned. In other words, the trial court could have legitimately chosen not to believe appellant.[1]

Second, regarding the allegation about trial counsel's failure to interview and seek favorable witnesses or present favorable evidence, trial counsel did not testify at the hearing. So, we are left to guess about the motives and efforts, if any, he actually had or made with regard to the discovery of evidence favorable to appellant. This is problematic because we generally are to presume that counsel had legitimate trial strategies for doing what he did. *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007). And, while it may be that counsel and appellant did not speak about the existence of favorable evidence, that does not necessarily mean that counsel made no effort to find any.

Third, and most importantly, appellant had to show not only that trial counsel erred but also that the errors caused him to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). From the tenor of the record before us, the trial court may well have concluded that the second element went unproven. Again, appellant was the subject of seven prior convictions, five of which involved his driving while intoxicated. And, though he had received probation and opportunity to correct his behavior in the past, that did not seem to dissuade him from continuing to engage in criminal conduct. Moreover, of the several witnesses he called at the hearing on the motion for new trial, most if not all talked about how good a neighbor, father, husband or worker he was. Yet, it would not be unreasonable for the trial court to conclude that despite appellant being

---

[1]And, even if appellant's third attorney opined that he could secure probation for appellant and his efforts were unsuccessful, that does not necessarily give rise to a claim of ineffective assistance. *See Flores v. State*, 18 S.W.3d 796 (Tex. App.–Austin 2000, no pet.) (holding that a defendant's reliance on his attorney's professional opinion does not render a guilty plea involuntary).

4

a "good" person, receiving minimal punishment or probation would not cause him to permanently change his ways. Simply put, the record contained basis upon which reasonable minds could differ on whether the purported errors committed by trial counsel affected appellant's conviction and punishment in any way. Thus, we cannot say that the trial court's decision to reject appellant's claim of ineffective assistance fell outside the zone of reasonable disagreement or evinced an instance of abused discretion.

Accordingly, we overrule each of appellant's issues, reject the proposition that the trial court erred in denying appellant a new trial due to trial counsel's purported ineffective assistance, and affirm the trial court's judgment. Furthermore, we deny the State's motion to dismiss as moot.

Brian Quinn
Chief Justice

Do not publish.