

# NUMBER 13-10-00414-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JONATHAN CLAY LINK,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 54th District Court
### of McLennan County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Jonathan Clay Link, appeals his conviction for indecency with a child by exposure, a third-degree felony. *See* TEX. PENAL CODE ANN. § 21.11 (West 2003). Pursuant to a plea-bargain agreement, appellant pleaded guilty and was sentenced to three years of confinement in the Texas Department of Criminal Justice. By one issue, appellant argues the trial court abused its discretion by denying his motion for new trial

based on evidence he presented that the victim recanted her allegations against him after he was sentenced. We affirm.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was indicted for indecency with a child by contact, a second-degree felony. The complainant was appellant's girlfriend's daughter, A.W.[2] After appellant was sentenced for the lesser offense of indecency with a child by exposure, the trial court received A.W.'s victim-impact statement which the court reporter did not transcribe. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(b) (West 2006).

Appellant filed a timely motion for new trial, arguing that in her victim-impact statement, A.W. admitted she lied and her story was blown out of proportion. By his motion, appellant interpreted the alleged statements to mean A.W.'s allegations that formed the basis of his conviction were false. Appellant argued that as a result of this alleged, newly-discovered, exculpatory evidence, he deserved a new trial.

At the hearing on the motion for new trial, A.W.'s mother, brother, and appellant testified in support of appellant's motion. A.W.'s mother testified that at the time of the the hearing on appellant's motion for new trial, appellant was her boyfriend. She testified that while appellant's case was pending in the trial court, she continued to visit appellant in jail and to regularly talk to him on the phone. A.W.'s mother did not believe A.W.'s allegations against appellant, and as a result, Child Protective Services ("CPS") had A.W. placed outside of the mother's home for a time because she was not protective of A.W.

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case is before us on transfer from the Tenth Court of Appeals in Waco, Texas. *See* TEX GOV'T CODE ANN. § 73.001 (West 2005).

[2] We use the pseudonym, A.W., to protect the identity of the minor victim.

At the hearing on appellant's motion for new trial, A.W.'s mother testified that in her victim-impact statement, A.W. said, "I'm sorry I lied," and admitted her story was blown out of proportion. A.W.'s mother testified A.W. did not state to whom she had lied, but that she interpreted A.W.'s victim-impact statement to mean A.W.'s allegations started "out as a little something between two friends."

A.W.'s eighteen-year-old brother testified next. He testified that in her victim-impact statement, A.W. apologized for telling a lie to a friend that was repeated to a school counselor, and eventually resulted in appellant's erroneous prosecution.

Appellant testified that in her victim-impact statement, A.W. apologized for lying and said everything had been blown out of proportion. Appellant testified he understood A.W. to mean she lied about her allegations against him, but he also said he was crying and mentally "in and out" because he had just pleaded guilty to something he did not do.

The State presented testimony from A.W. and a victim assistant coordinator with the McLennan County District Attorney's Office. A.W. was fifteen years old at the time of the motion-for-new-trial hearing. She testified she could not recall her victim-impact statement verbatim, but that she never said in court that she had lied. A.W. admitted that "at the very beginning" she told a friend "a different story" which the friend told a counselor and "that's when CPS got brought in." She did not recall mentioning this during her victim-impact statement. She testified she did not lie to CPS or the police about anything appellant did to her. A.W. testified her witness-impact statement was not a recantation and the allegations she made against appellant that formed the basis of his conviction were true. A.W. explained that she remembered stating she was sorry appellant's

3

nieces and nephews would not be able to see him during his incarceration for this offense and that had appellant admitted the offense from the outset, the case would not have been "blown out of proportion" in terms of pending for a long period of time.

The victim assistant coordinator testified she was present in the courtroom during A.W.'s victim-impact testimony and A.W. never said she lied. The coordinator testified that had A.W. made such a statement, it would have been very significant to her (the coordinator) and she would have acted on such a statement. The coordinator also testified she understood the "blown out of proportion" comment as an expression of regret that the case took so long to be resolved and that it involved so many people.

The trial court denied appellant's motion for new trial without comment or written findings. Although this is a plea-bargain case, the trial court certified appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a)(2)(B).

## II. STANDARD OF REVIEW

A sentencing court must grant a motion for new trial if "material evidence favorable to the accused has been discovered since trial." TEX. CODE CRIM. PROC. ANN. art. 40.001 (West 2006). Under this standard, a defendant is entitled to have his motion for new trial granted if (1) the newly discovered evidence was unknown to him at the time of trial, (2) his failure to discover the new evidence was not due to his lack of due diligence, (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching, and (4) the new evidence is probably true and will probably bring about a different result in a new trial. *Wallace v. State,* 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).

4

We review a trial court's decision on a motion for new trial for an abuse of discretion. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); *Keeter v. State*, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002) (applying abuse of discretion standard to review of trial court's ruling on motion for new trial based on recantation of witness testimony). We do not substitute our judgment for the trial court's, but rather decide whether the trial court's decision was arbitrary or unreasonable. *Holden*, 201 S.W.3d at 763. We view the evidence in the light most favorable to the trial court's ruling, deferring to its credibility determinations, and we presume all reasonable factual findings that could have been made in support of the court's ruling. *Quinn v. State*, 958 S.W.2d 395, 402 (Tex. Crim. App. 1997) (reviewing court must view the evidence in the light most favorable to the trial court's ruling when there are no findings of fact); *Clarke v. State*, 305 S.W.3d 841, 846 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd.) (citing *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded in part on other grounds by* TEX. R. APP. P. 21.8(b), *as recognized in State v. Herndon*, 215 S.W.3d 901, 905 n.5 (Tex. Crim. App. 2007)). A trial court abuses its discretion in denying a motion for new trial only when its ruling is unsupportable on any reasonable view of the record. *Holden*, 201 S.W.3d at 763; *Clarke*, 305 S.W.3d at 846.

## III. DISCUSSION

Appellant argues the trial court abused its discretion in denying his motion for new trial because the testimony he presented in support of the motion was sufficiently exculpatory to entitle him to a new trial. Based on the trial court's denial of appellant's motion for new trial, we must infer that the trial court discredited appellant's evidence that

5

the complainant recanted her allegations concerning the appellant in this case. The trial court acted within its discretion by crediting the State's evidence and discrediting the defense witnesses' recantation testimony. *See Keeter*, 74 S.W.3d at 37 (holding trial court's denial of a motion for new trial, based on its disbelief of complaining witness's recantation, was not an abuse of discretion); *see also Beck v. State*, 573 S.W.2d 786, 791 (Tex. Crim. App. 1978) (noting that in ruling on a motion for new trial, trial court may accept or reject any part of a witness's testimony). Based on the conflicting testimony presented, the trial court could have reasonably concluded the new evidence was not a recantation that would probably bring about a different result in a new trial. *See Wallace*, 106 S.W.3d at 108. Thus, the trial court did not abuse its discretion when it denied appellant's motion for new trial. Appellant's sole issue on appeal is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of July, 2011.

6