

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00030-CR

ALEX MEDINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 12th District Court
Walker County, Texas
Trial Court No. 25,470, Honorable Donald Kraemer, Presiding

October 11, 2013

# MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Alex Medina appeals from his conviction for the offense of sexual assault and the resulting sentence of five years of imprisonment.[1] Appellant contends the trial court erred in denying his motion for new trial. We will affirm.

---

[1] Tex. Penal Code Ann. § 22.011(a)(1) (West 2012).

## Background

After appellant was indicted for the sexual assault, he entered an "open plea" to the charged offense, in June 2012. A Guilty Plea Memorandum containing written stipulations and waivers was introduced into evidence. Based on his guilty plea, the court found the evidence sufficient to "predicate a finding of guilt" but did not enter a finding of guilt at that time. Rather, the court requested a pre-sentence investigation. At the sentencing hearing in August 2012, the State called two witnesses. Appellant did not call any witnesses. After hearing the arguments, the court found appellant guilty and sentenced him to five years of imprisonment.

Appellant timely filed a motion for new trial. The motion raised two grounds: (1) his plea was involuntary because it was based on misrepresentations by his attorney concerning deferred adjudication community supervision; and (2) his attorney provided ineffective assistance.

As to the first ground asserted in his motion, appellant argued he plead guilty because his attorney represented to him that if he plead guilty he would receive deferred adjudication community supervision. He contended his attorney never told him the judge could sentence him to prison if he plead guilty. He asserted he never would have plead guilty but for the representation made by his attorney.

As to his ineffective assistance assertion, appellant argued in the motion his counsel was not prepared for the sentencing hearing because counsel did not present sentencing testimony and did not talk with appellant's parents about testifying. He also asserted his attorney did not tell him a jury could sentence him to community

supervision if he were convicted. Lastly, appellant argued his attorney never told him that if the judge found him guilty, the judge could not sentence him to community supervision.

The affidavits of appellant and his father were attached to the motion and were admitted into evidence without objection at a hearing on the motion for new trial. Appellant's father testified at the hearing. Consistent with his affidavit, he told the court appellant decided to plead guilty because his trial attorney told him "if he pleaded guilty, he was going to get deferred adjudication probation." He said that if the trial attorney had not made that representation appellant would "absolutely not" have entered a plea of guilty. He said he thought that, at the sentencing hearing, appellant was going to "maybe sign some papers and we would all be going home." He said appellant "made the decision [to plead guilty] based on what our counsel told us."

Appellant's trial attorney also testified at the hearing. He told the court appellant's father was present at "most of the meetings, but not all" between the attorney and appellant. Counsel testified to the circumstances that led to a breakdown in plea negotiations. Although counsel noted he discussed with appellant "several times" that the trial court could sentence him to deferred adjudication community supervision, he repeatedly denied telling appellant he would receive deferred adjudication. The record contains vague references to counsel's possible advice to appellant to the effect that the court could sentence him to community supervision. At the hearing, counsel answered "sure," to a question asking, "Okay. All right. And so if I am understanding, you told [appellant] that we are going to try to get deferred, but if we

3

can't we will try to get probation from the Judge; is that correct?" His trial strategy in doing so was to "[m]inimize the damage to [appellant]."

As to the August 2012 sentencing hearing, the trial attorney testified that when he appeared at the hearing, there was "a possibility" he could present witnesses but that he did not have any "live witnesses" present. Explaining his reasons for not considering appellant's parents as potential witnesses, counsel told the court he interpreted statements made to him by family members as indicating a willingness to testify untruthfully. Specifically, he testified "And as far as the family is concerned, I had a very big problem with their honesty about what they would actually say."

Counsel agreed appellant's guilty plea would not have been voluntary if it were based on a representation that he would receive deferred adjudication. Nevertheless, counsel said he did not believe he misrepresented anything to appellant.

The trial court denied appellant's motion for new trial. This appeal followed.

Analysis

On appeal, appellant contends the trial court abused its discretion in denying his motion for new trial because his evidence showed his guilty plea was involuntary as the result of misrepresentations by his trial attorney, and that his trial counsel was ineffective, also leading appellant to plead guilty involuntarily.

An appellate court reviews a trial court's denial of a motion for new trial under an abuse of discretion standard. *Holden v. State,* 201 S.W.3d 761, 763 (Tex.Crim.App. 2006). We do not substitute our judgment for that of the trial court, but rather we decide

4

whether the trial court's decision was arbitrary or unreasonable. *Id.* We must view the evidence in the light most favorable to the trial court's ruling and presume that all reasonable factual findings that could have been made against the losing party were made against that losing party. *State v. Herndon,* 215 S.W.3d 901, 906 n.16 (Tex.Crim.App. 2007). Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Holden,* 201 S.W.3d at 763.

Although the trial court heard appellant and his father testify his counsel told him he would receive deferred adjudication community supervision, the court also heard counsel's flat denial he did so. To the question asking whether he ever guaranteed appellant or anyone else in his family that he was going to get deferred adjudication from the court, counsel responded, "Certainly not."

As the sole judge of the credibility of the witnesses, the trial court had the task of determining whether to accept the testimony of appellant and his father, or the directly contrary testimony of counsel. *See Mattias v. State*, 731 S.W.2d 936, 940 (Tex.Crim.App. 1987) (trial court, sitting as sole trier of facts, authorized to accept or reject any or all testimony for either State or accused). The trial court was free to take counsel's testimony as true and credible and find counsel did not make misrepresentations about deferred adjudication to appellant.

Appellant also argues his attorney misrepresented to him that if he plead guilty to the judge, the judge could sentence him to community supervision as an alternative to deferred adjudication community supervision. Under article 42.12, section 3g of the

5

Texas Code of Criminal Procedure, the trial court could not place appellant on community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(H) (West 2012). At the new trial hearing, the court heard brief and unclear testimony about discussions concerning "regular" community supervision. The trial court, in its role as fact finder, was entitled to give this little weight. *See Villarreal v. State,* No. 01-98-00858-CR, 2000 Tex.App. LEXIS 1123, at * 8-9 (Tex.App.—Houston [1st Dist.] Feb. 17, 2000, no pet.) (mem. op., not designated for publication), *citing Messer v. State,* 757 S.W.2d 820, 827 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) (in considering a motion for new trial, the trial judge possesses broad discretion in considering the credibility of the witnesses and in weighing the evidence to determine whether a different result would occur on retrial. The judge may consider the interest and bias of any witness and is not required to accept as true the testimony of the accused or any defense witness).

We resolve appellant's first issue against him.

In appellant's second issue, he contends evidence demonstrated his counsel provided ineffective assistance. A guilty plea is not voluntary if made as a result of ineffective assistance of counsel. *Ex parte Niswanger,* 335 S.W.3d 611, 614-15 (Tex.Crim.App. 2011). The two-part test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 58 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). The first prong of the *Strickland* test requires that the defendant show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). The defendant must

6

prove, therefore, by a preponderance of the evidence that trial counsel's representation objectively fell below professional standards. *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App. 2002). The second prong focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

Our discussion of appellant's first issue addresses his complaints of ineffective assistance to the extent that he reiterates his contentions that his attorney made misrepresentations to him.

Appellant also complains here that his trial counsel was ineffective because he failed to present live testimony at his sentencing hearing. As noted, counsel told the court he had concerns about the willingness of family members to testify untruthfully. His decision not to present witnesses can be seen as trial strategy by counsel. *Gaston v. State,* 136 S.W.3d 315, 322 (Tex.App.—Houston [1st Dist.] 2004, pet. struck) (decision whether to present witnesses is largely a matter of trial strategy).

Viewing the evidence in a light most favorable to the trial court's ruling and reviewing the record as a whole, we are unable to say appellant has shown either that counsel's performance fell below an objective standard of reasonableness or a reasonable probability that, but for counsel's errors, appellant would have insisted on going to trial. *Strickland*, 466 U.S. at 689; *see also Hill,* 474 U.S. at 58-59. We overrule appellant's second issue.

7

Having resolved appellant's issues against him, we find the trial court did not err in denying appellant's motion for new trial and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.