ACCEPTED
01-15-00042-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/21/2015 2:53:27 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00042-CR

********************

IN THE COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/21/2015 2:53:27 PM
CHRISTOPHER A. PRINE
Clerk

**FOR THE FIRST JUDICIAL DISTRICT OF TEXAS**

HOUSTON, TEXAS

********************

MICHAEL BRENT BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

Appealed from the 163rd District Court of
Orange County, Texas
Cause No. B-140,443-R

********************

State's Brief

********************

John D. Kimbrough
Orange County Attorney
Orange County Courthouse
Orange, Texas 77630
(409) 883-6764
State Bar No. 11425300

Krispen Walker
Assistant County Attorney
Orange County Courthouse
Orange, Texas 77630
(409) 883-6764
State Bar No. 00791870

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Table of Contents..................................................................................................ii

Identity of Parties and Counsel.............................................................................iii

List of Authorities.................................................................................................iv

Statement of the Case.............................................................................................1

Issue Presented.......................................................................................................2

State's Response......................................................................................................2

Statement of Facts..................................................................................................2

Summary of Argument............................................................................................8

Point of Argument
THE APPELLANT WAS NOT GRANTED EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED FOR IN THE 6TH AMENDMENT OF THE U.S. CONSTITUTION...............................................................................................8

State's Response......................................................................................................8

Conclusion.............................................................................................................13

Prayer....................................................................................................................13

Certificate of Service.............................................................................................14

# IDENTITY OF PARTIES AND COUNSEL

Krispen Walker, Attorney for the State of Texas
Orange County District Attorney's Office
801 Division
Orange, Texas 77630

Christine R. Brown-Zeto, Attorney for the Appellant
1107 Green Avenue
Orange, Texas 77630

MICHAEL BRENT BROWN, Appellant
Texas Department of Criminal Justice
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

William Marcus Wilkerson, Appellant's Trial Counsel
595 Orleans, Suite 1130
Beaumont, Texas  77701

# LIST OF AUTHORITIES

**CASES**

*Bridge v. State,* 726 S.W.2d 558, 571 (Tex.Crim.App. 1986)................................................4

*Holden v. State,* 201 S.W.3d 761, 763 (Tex.Crim.App. 2006)..............................................10

*Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App. 1995)……………………………..……10

*Martinez v. State,* 981 S.W.2d 195, 197 (Tex.Crim.App. en banc, 1998)………………11, 12

*McFarland v. State,* 845 S.W.2d 824 (Tex.Crim.App. 1992)..................................................5

*Muniz v. State,* 851 S.W.2d 238 (Tex.Crim.App. en banc, 1993, r'hrg denied)……………10

*Reed v. State,* 885 S.W.2d 275, 282 (Tex.App.--Beaumont 1994, no pet.)..................9, 10, 11

*Strickland v. Washington,* 466 U.S. 668 (1984)........................................................9, 10, 11-12

NO. 01-15-00042-CR

********************

IN THE COURT OF APPEALS

**FOR THE FIRST JUDICIAL DISTRICT OF TEXAS**

HOUSTON, TEXAS

********************

TO THE HONORABLE JUDGES OF SAID COURT:

The Appellant, MICHAEL BRENT BROWN, was convicted and sentenced to confinement for a term of life in the Institutional Division of the Texas Department of Criminal Justice for the felony offense of Possession of a Controlled Substance following an open plea to the Court for punishment in the 163rd District Court, Orange County, Texas, Dennis Powell, Judge Presiding.

## STATEMENT OF THE CASE

Appellant was indicted for the felony offense of Possession of a Controlled Substance, alleged to have occurred on or about March 18, 2014. On October 31, 2014, Judge Buddie J. Hahn presiding in the 260th District Court, heard the Appellant's plea of guilty to Felony Possession of a Controlled Substance as alleged in the indictment and his plea of "true" to the enhancements alleged in the indictment. The Court then ordered a Pre-Sentence Investigation (PSI) report to be prepared. (R.R. 2, pp. 4-6; C.R., pp 5). On December 11, 2014, after a contested sentencing, Judge Dennis Powell of the 163rd District Court, assessed

1

a punishment of life imprisonment in the Texas Department of Criminal Justice - Institutional Division to run consecutive to the thirty-five (35) year sentence Appellant received on September 18, 1993, in the 260th District Court of Orange County, Texas, Cause No. D-900265. (R.R. 3, p. 63; C.R. 26-28). Appellant filed a Motion for New Trial which was heard and denied by the Court on February 10, 2015. (Supp. R.R. 3). It is from this disposition that appeal is taken.

## ISSUE PRESENTED

**THE APPELLANT WAS NOT GRANTED EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED FOR IN THE 6TH AMENDMENT OF THE U.S. CONSTITUTION.**

## STATE'S RESPONSE

**APPELLANT WAS GRANTED EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED FOR IN THE 6TH AMENDMENT OF THE U.S. CONSTITUTION.**

## STATEMENT OF FACTS

On March 18, 2014, Appellant was arrested for Felony Possession of a Controlled Substance, to wit: Amphetamine, in an amount by aggregate weight including adulterants and dilutants, of one gram or more but less than four grams. Appellant was subsequently indicted for this offense on September 3, 2014. This indictment contained two enhancement paragraphs which increased the Appellant's punishment range from a third degree felony to habitual offender status. (C.R. p. 5).

On October 10, 2014, Appellant appeared before the 163rd District Court to announce whether he would accept the State's plea bargain offer or request a trial. At that time, the Court clearly admonished Appellant as to the range of punishment of the underlying offense as well as the range of punishment if each of the two enhancement paragraphs were found to be "true." (R.R. Supp. 2, pp. 5-7). Appellant rejected the State's plea offer of five (5) years confinement in the Texas Department of Criminal Justice Institutional Division with no fine. (R.R. Supp. 2, pp. 8-9).

After he and his counsel reviewed and signed written plea admonishments, Appellant entered a plea of guilty to the indictment and pleas of "true" to each enhancement paragraph alleged in the indictment on October 31, 2014, before Judge Buddie J. Hahn in the 260th District Court of Orange County, Texas.[1] (C.R. Supp. p. 3-5; R.R. 2, pp. 4-5). Judge Hahn questioned whether Appellant understood the range of punishment in this case. "And that is a term – if the enhancement allegations are found to be true, that would be a term of life or any term of not more than 99 years or less than 25 years in the Texas Department of Criminal Justice, Institutional Division. You understand that? THE DEFENDANT: Yes, sir." (R.R. 2, p. 6). Judge Hahn then accepted Appellant's plea of guilty and found Appellant to be guilty of the offense as alleged in the indictment. Hahn also found the two enhancement paragraphs to be true. (R.R. 2, p. 8).

---

1 Judge Buddie J. Hahn took Appellant's plea in the absence of Judge Dennis Powell.

An open sentencing hearing was held before Judge Dennis Powell on December 11, 2014. During the hearing, the State entered as evidence recordings of telephone conversations and visits which were held by Appellant while he was incarcerated in the Orange County Jail. (State's Exhibit 3). During these telephone and visitation recordings, Appellant discusses his case and the possibility of having different people "take" the charge for him, so that the State would dismiss his case. During one of the first conversations, Appellant, while visiting with a friend named Savanna, suggests that he and his girlfriend[2] concoct a story that they had given a ride to a friend of theirs who had to drop Adderall[3] off to her child at school. The story was to be that the school kept the prescription bottle and gave the "friend" some of the Adderall pills back in cellophane and the "friend" inadvertently left the pills that Appellant was arrested for in Appellant's vehicle. (State's Exhibit 3, SX 3, 1 of 9). With respect to this story, Appellant testified that, "I just knew they had to have some statements. Somebody would have to come and claim the pills. If they wasn't mine, somebody would have to come and say they were theirs." (R.R. 3, p. 46-7). Ultimately, that plan fell through because "homegirl didn't want to – she didn't want to come forward anyway. Q. She didn't want to lie? A. Yeah, she didn't want to come forward." (R.R. 3, p. 47).

Appellant's attorney also provided the State with a written affidavit from Michael Murillo. In the written affidavit, Murillo claimed that he had mistakenly left the Adderall

2 Appellant's girlfriend and co-defendant was Autumn Durden.
3 Adderall is an amphetamine and is what Appellant pleaded guilty to possessing.

4

pills in Appellant's vehicle. Appellant and his girlfriend discussed the importance of contacting Murillo, who was incarcerated in the Texas Department of Criminal Justice Institutional Division, and making sure that they knew what Murillo planned to testify to. Appellant informed his girlfriend that his attorney had drafted a second affidavit for Michael Murillo to sign which was much more fact specific and that Murillo had not been coerced to sign the affidavit. (State's Exhibit 3, SX, 3, 4 and 5 of 9). Appellant and his girlfriend discussed how important it was to be able to have confidence in Murillo and Appellant stressed the importance of his girlfriend contacting Murillo's girlfriend. (State's Exhibit 3, SX 7 of 9).

With respect to these jail recordings, Appellant testified that "I was just trying to get the stories right, Your Honor. You know, because I know that if we went to court and our stories was different – even if we went just before you, you know, and if I'm saying one thing and they put Autumn on the stand and she saying something else and then they put Murillo on the stand and he's saying something different, all that – it wouldn't – wouldn't be kosher. It wouldn't match up, and that wouldn't look good. It wouldn't look good for me, you know." (R.R. 3, pp. 43-4). Appellant ultimately admitted that, [y]es I knew they was in the car during the time they – when they was found; and, so, I had to – you know, they was in the car, which is in my possession, which technically is – in my possession, Your Honor." (R.R. 3, p. 45).

During the jail recordings, Appellant also discussed the prices he charged for selling drugs on the street. (State's Exhibit 3, SX 8 of 9; R.R. 3, p. 27). Appellant admitted during his testimony that while on parole he began selling synthetic marihuana and also using it on occasion. (R.R. 3, p. 24, 26). Appellant also admitted to purchasing a bottle of synthetic urine for his girlfriend who was required to take a drug test for a job that she had applied for. (R.R. 3, p. 29). In addition, Appellant admitted that he sold drugs to support his girlfriend's drug habit. (R.R. 3, p. 32).

During his testimony, Appellant asked the Court to "have leniency." (R.R. 3, p. 19). Appellant's attorney confirmed with Appellant that he was facing 25 to 99 years or life. (R.R. 3, p. 21). Appellant's attorney also reinforced with him that regardless of the Court's sentence in the present case the fact that Appellant would still have parole issues and that Appellant was looking at serving more time. (R.R. 3, p. 22). Appellant requested the Court "for leniency, you know, for the – whatever the minimum is. I just ask for leniency of this Court." (R.R. 3, p. 23).

After hearing the testimony of Appellant and a character witness, former City of Orange Mayor and current City Councilwoman, Essie Bellfield, the Court heard arguments of counsel. Appellant's counsel briefly argued that Appellant "should be punished as a State Jail felony" rather than to what Appellant actually entered his plea of guilty to because, he argued, "while I – I don't have case law on my side, I believe under the law, these fillers in pharmaceutical medication should not be considered adulterants or dilutants." (R.R. 3, p.

57). At the conclusion of the hearing, the Court sentenced Appellant to a term of life in the Texas Department of Criminal Justice - Institutional Division to run consecutive to the thirty-five (35) year sentence Appellant received on September 18, 1993, in the 260th District Court of Orange County, Texas, Cause No. D-900265. (R.R. 3, p. 63; C.R. 26-28).

Appellant's complaint is that he entered into the "open plea" because he believed the range of punishment "could be" reduced based on his conversations with counsel about adulterants and dilutants. Appellant agreed, however, that he had absolutely no guarantee that the range of punishment would be reduced. Appellant testified that he knew that a life sentence was a possibility as well. (R.R. Supp. 3, p. 19-20). Appellant also acknowledged that what he entered a plea of guilty to was a third degree felony with a punishment range of 2 to 10. Further, Appellant agreed when the Court asked him "And, apparently, you were hoping to argue successfully that I should disregard the enhancements, I should have mercy and not go 25to life, I ought to just push them aside because it's not that much drugs and it – there – the adulterants and dilutants really makes it look bigger; but 'Just ignore the enhancements and go 2 to 10 for me, Judge.'" (R.R. Supp. 3, p. 32).

Appellant has no dispute that he was admonished by both Judges Powell and Hahn that the punishment range was 25-life and that he chose to disregard what each judge told him and what the plea papers contained. (C.R. Supp. p. 3-5; R.R. Supp. 3, p. 35-6). The Court, in assessing punishment, assessed the maximum punishment allowable in the range.

7

Appellant agreed that the Court, in assessing punishment, could have gone quite a bit lower than a life sentence, but chose not to. (R.R. Supp. 3, p. 38).

## SUMMARY OF THE ARGUMENT

Appellant received effective assistance of counsel at trial. The record is clear that Appellant was well admonished by both Judges Powell and Hahn as to the range of punishment and the consequences and possibilities of entering into an "open" plea to the court without a plea bargain agreement. Appellant was admonished both orally and in writing as to the range of punishment for the offense he entered a plea of guilty to and the effect of the Court's finding the enhancements to be true.

## POINT OF ARGUMENT:

**THE APPELLANT WAS NOT GRANTED EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED FOR IN THE 6TH AMENDMENT OF THE U.S. CONSTITUTION.**

## STATE'S RESPONSE:

**APPELLANT WAS GRANTED EFFECTIVE ASSISTANCE OF COUNSEL AS PROVIDED FOR IN THE 6TH AMENDMENT OF THE U.S. CONSTITUTION.**

### Standard of Review

The United States Supreme Court established the standard for reviewing claims of ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668 (1984). According to the Supreme Court, "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686.

8

In *Strickland*, the United States Supreme Court established a two-prong test to determine whether counsel's assistance was so defective as to require the reversal of a conviction. First, the defendant must show that the counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. *Id*. at 687. In order to satisfy the first prong of the test, the appellant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The second prong of the test "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The appellant must satisfy both prongs of this test or it "cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id*.

Texas courts have adopted the *Strickland* test. In *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986), the Court of Criminal Appeals stated that they would "follow in full the *Strickland* standards in determining effective assistance and prejudice resulting therefrom." The Court in *Bridge v. State*, 726 S.W.2d 558, 571 (Tex.Crim.App. 1986) explained that the *Strickland* standard has not been interpreted to mean that an accused is entitled to "errorless or perfect counsel" and that the court must look to the "totality of the representation" applied at the "time of trial, and not through hindsight." An appellant is "not entitled to a trial totally error free by flawless representation." *Reed v. State*, 885 S.W.2d

9

275, 282 (Tex.App.- Beaumont 1994, no pet.) citing *McFarland v. State,* 845 S.W.2d 824 (Tex.Crim.App. 1992).

After sentencing on the "open" plea to the Court, Appellant in this case requested and was granted a hearing on a Motion for New Trial which was ultimately denied by the Court. An appellate court reviews a trial court's denial of a motion for new trial under an abuse of discretion standard. The appellate court does not substitute their judgment for that of the trial court. Instead, the appellate court decides whether the trial court's decision was arbitrary or unreasonable. A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Holden v. State*, 201 S.W.3d 761, 763 (Tex.Crim.App. 2006); *Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App. 1995). When the case presents a controverted issue to the trial court, the trial court acts exclusively as the factfinder, assessing the credibility of the witnesses and the weight to be accorded their testimony. *Muniz v. State,* 851 S.W.2d 238 (Tex.Crim.App. en banc, 1993, r'hrg denied).

Appellant's complaint is that he did not enter into his plea voluntarily because his counsel advised him that he could possibly have the range of punishment reduced by arguing that the Court could consider punishing Appellant for a State Jail felony because of the adulterants and dilutants contained in the controlled substance. A finding that a defendant was duly admonished, however, creates a prima facie showing that a guilty plea was entered knowingly and voluntarily. Although a defendant may still raise the claim that his plea was

10

involuntary, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App. en banc, 1998). In considering the voluntariness of a guilty plea, the court should examine the record as a whole. *Id.*

## Argument and Authorities

When alleging ineffective assistance of counsel, an appellant is required to prove his contentions by a preponderance of the evidence. *Reed* at 280. In the case before this Court, Appellant claims that his counsel was ineffective in that he advised Appellant that he would argue to the Court that the adulterants and dilutants contained in the controlled substance charged in the indictment could reduce the punishment range of the offense. Appellant, however, was admonished multiple times as to the range of punishment for the underlying offense and for the range of punishment once Appellant entered pleas of "true" to the enhancement paragraphs and the consequence of the Court finding the enhancement paragraphs to be "true."

Appellant has failed to satisfy even the first prong of the *Strickland* test. To satisfy the first prong, Appellant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In the hearing on the Motion for New Trial, Appellant testified that his attorney advised him that the Court "could" consider a

11

lesser range of punishment for the offense, but that he had no guarantee that that was going to be the end result. (R.R. Supp. 3, p. 19)

Appellant fails to satisfy the second prong of the *Strickland* test, as well. Appellant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. The appellant must satisfy both prongs of this test or it "cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. Appellant knew full well that he was facing the possibility of the Court assessing a life sentence, therefore, it is incomprehensible to suggest that his counsel's errors were so serious as to deprive Appellant of a fair trial. (R.R. Supp. 3, p. 20). Appellant, by choosing to disregard the admonishments provided to him on multiple occasions about the consequences of his plea and the range of punishment, created his own fate.

Appellant was advised both orally and in writing of the range of punishment for the offense as enhanced. The fact that Appellant was duly admonished creates a prima facie showing that he entered into the guilty plea knowingly and voluntarily. Because Appellant claims that his plea was involuntary, the burden shifts to Appellant to demonstrate that he did not fully understand the consequences of his plea such that he suffered harm. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App. en banc, 1998). In considering the voluntariness of a guilty plea, the court should examine the record as a whole. *Id.*

12

The record is abundantly clear that Appellant knew the consequences of his plea of guilty and that he faced a sentence of up to life in prison. The trial court, upon hearing the testimony of Appellant found that "[h]e was correctly admonished by two judges and the plea papers . . ." and ultimately denied Appellant's Motion for New Trial. (R.R. Supp. 3, p. 40).

The trial court in this case did not abuse it's discretion in denying Appellant's Motion for New Trial. A reasonable view of the record supports the trial court's ruling. The Court acted as the factfinder and assessed the credibility of Appellant and the weight to be given Appellant's testimony.

## CONCLUSION

For the reasons herein discussed, the trial court's sentencing of the Appellant should be affirmed.

## PRAYER

The State prays the Appellant's point of error be denied and the Judgment Affirmed.

Respectfully submitted,

/s/ Krispen Walker
Krispen Walker
Assistant District Attorney
Orange County Courthouse
Orange, Texas 77630
(409) 883-6764
(409) 883-9322 (FAX)
State Bar No. 00791870

13

**Certificate of Compliance Word Count**

I hereby certify pursuant to T.R.A.P 9.4 (i)(3) that the total word count for this brief is 3586 words as determined by Microsoft Word.

/s/ Krispen Walker___
KRISPEN WALKER
ASSISTANT DISTRICT ATTORNEY

**CERTIFICATE OF SERVICE**

This is to hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to Appellant's counsel of record, Christine R. Brown-Zeto, 1107 Green Ave., Orange, Texas 77630, on this the 21st day of September, 2015.

/s/ Krispen Walker
KRISPEN WALKER
ASSISTANT DISTRICT ATTORNEY