NUMBER 13-10-00414-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

JONATHAN CLAY LINK,                                                             Appellant, 

 

  v.

 

THE STATE OF TEXAS,                                  
                   Appellee.

                                                                                                                     
  

 

On appeal from the 54th
District Court 

of McLennan County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice Valdez
and Justices Rodriguez and Perkes   

Memorandum Opinion by
Justice Perkes 

 

            Appellant,
Jonathan Clay Link, appeals his conviction for indecency with a child by
exposure, a third-degree felony.  See Tex.
Penal Code Ann. § 21.11 (West 2003).  Pursuant to a plea-bargain
agreement, appellant pleaded guilty and was sentenced to three years of
confinement in the Texas Department of Criminal Justice.  By one issue,
appellant argues the trial court abused its discretion by denying his motion
for new trial based on evidence he presented that the victim recanted her allegations
against him after he was sentenced.  We affirm.[1] 


I.  FACTUAL AND
PROCEDURAL BACKGROUND

Appellant
was indicted for indecency with a child by contact, a second-degree felony. 
The complainant was appellant’s girlfriend’s daughter, A.W.[2] 
After appellant was sentenced for the lesser offense of indecency with a child
by exposure, the trial court received A.W.’s victim-impact statement which the
court reporter did not transcribe.  See Tex. Code Crim. Proc. Ann. art. 42.03, § 1(b) (West 2006).

Appellant
filed a timely motion for new trial, arguing that in her victim-impact
statement, A.W. admitted she lied and her story was blown out of proportion.  By
his motion, appellant interpreted the alleged statements to mean A.W.’s
allegations that formed the basis of his conviction were false.  Appellant
argued that as a result of this alleged, newly-discovered, exculpatory
evidence, he deserved a new trial.  

At
the hearing on the motion for new trial, A.W.’s mother, brother, and appellant
testified in support of appellant’s motion.  A.W.’s mother testified that at
the time of the the hearing on appellant’s motion for new trial, appellant was
her boyfriend.  She testified that while appellant’s case was pending in the
trial court, she continued to visit appellant in jail and to regularly talk to
him on the phone.  A.W.’s mother did not believe A.W.’s allegations against
appellant, and as a result, Child Protective Services (“CPS”) had A.W. placed
outside of the mother’s home for a time because she was not protective of A.W. 
At the hearing on appellant’s motion for new trial, A.W.’s mother testified
that in her victim-impact statement, A.W. said, “I’m sorry I lied,” and
admitted her story was blown out of proportion.  A.W.’s mother testified A.W.
did not state to whom she had lied, but that she interpreted A.W.’s
victim-impact statement to mean A.W.’s allegations started “out as a little
something between two friends.”

A.W.’s
eighteen-year-old brother testified next.  He testified that in her
victim-impact statement, A.W. apologized for telling a lie to a friend that was
repeated to a school counselor, and eventually resulted in appellant’s
erroneous prosecution.  

Appellant
testified that in her victim-impact statement, A.W. apologized for lying and
said everything had been blown out of proportion.  Appellant testified he
understood A.W. to mean she lied about her allegations against him, but he also
said he was crying and mentally “in and out” because he had just pleaded guilty
to something he did not do.

The
State presented testimony from A.W. and a victim assistant coordinator with the
McLennan County District Attorney’s Office.  A.W. was fifteen years old at the
time of the motion-for-new-trial hearing.  She testified she could not recall
her victim-impact statement verbatim, but that she never said in court that she
had lied.  A.W. admitted that “at the very beginning” she told a friend “a
different story” which the friend told a counselor and “that’s when CPS got
brought in.”  She did not recall mentioning this during her victim-impact
statement.  She testified she did not lie to CPS or the police about anything
appellant did to her.  A.W. testified her witness-impact statement was not a
recantation and the allegations she made against appellant that formed the
basis of his conviction were true.  A.W. explained that she remembered stating
she was sorry appellant’s nieces and nephews would not be able to see him during
his incarceration for this offense and that had appellant admitted the offense
from the outset, the case would not have been “blown out of proportion” in
terms of pending for a long period of time.

The
victim assistant coordinator testified she was present in the courtroom during
A.W.’s victim-impact testimony and A.W. never said she lied.  The coordinator
testified that had A.W. made such a statement, it would have been very
significant to her (the coordinator) and she would have acted on such a
statement.  The coordinator also testified she understood the “blown out of
proportion” comment as an expression of regret that the case took so long to be
resolved and that it involved so many people.

The
trial court denied appellant’s motion for new trial without comment or written
findings.  Although this is a plea-bargain case, the trial court certified
appellant’s right to appeal.  See Tex.
R. App. P. 25.2(a)(2)(B). 

II.    STANDARD OF REVIEW

A sentencing court must grant a motion
for new trial if “material evidence favorable to the accused has been
discovered since trial.”  Tex. Code
Crim. Proc. Ann. art. 40.001 (West 2006).  Under this standard, a defendant is entitled to have his motion
for new trial granted if (1) the newly discovered evidence was unknown to him
at the time of trial, (2) his failure to discover the new evidence was not due
to his lack of due diligence, (3) the new evidence is admissible and not merely
cumulative, corroborative, collateral, or impeaching, and (4) the new evidence
is probably true and will probably bring about a different result in a new
trial.  Wallace v. State, 106 S.W.3d 103, 108 (Tex. Crim. App.
2003).

We review a trial court’s decision on a
motion for new trial for an abuse of discretion.  Holden v.
State, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); Keeter v. State,
74 S.W.3d 31, 37 (Tex. Crim. App. 2002) (applying abuse of discretion standard
to review of trial court’s ruling on motion for new trial based on recantation
of witness testimony).  We do not substitute our
judgment for the trial court’s, but rather decide whether the trial court's
decision was arbitrary or unreasonable.  Holden, 201 S.W.3d at 763. 
We view the evidence in the light most favorable to the trial court's ruling,
deferring to its credibility determinations, and we presume all reasonable
factual findings that could have been made in support of the court’s ruling.  Quinn v. State, 958 S.W.2d
395, 402 (Tex. Crim. App. 1997) (reviewing court must view the evidence in the
light most favorable to the trial court’s ruling when there are no findings of
fact); Clarke v. State, 305 S.W.3d 841, 846 (Tex. App.—Houston
[14th Dist.] 2010, pet. ref’d.) (citing Charles v. State, 146 S.W.3d
204, 208 (Tex. Crim. App. 2004), superseded in part on other grounds by Tex. R. App. P. 21.8(b), as
recognized in State v. Herndon, 215 S.W.3d 901, 905 n.5 (Tex. Crim. App.
2007)).  A trial court abuses its discretion in denying a motion for new trial
only when its ruling is unsupportable on any reasonable view of the record.  Holden,
201 S.W.3d at 763; Clarke, 305 S.W.3d at 846.

III.   discussion

            Appellant argues the trial court abused its
discretion in denying his motion for new trial because the testimony he
presented in support of the motion was sufficiently exculpatory to entitle him
to a new trial.  Based on the trial court’s denial of appellant’s motion for
new trial, we must infer that the trial court discredited appellant’s evidence
that the complainant recanted her allegations concerning the appellant in this
case.  The trial court acted within its discretion by crediting the State’s
evidence and discrediting the defense witnesses’ recantation testimony.  See
Keeter, 74 S.W.3d at 37 (holding trial court’s denial of a motion for new
trial, based on its disbelief of complaining witness’s recantation, was not an
abuse of discretion); see also Beck v. State, 573 S.W.2d 786, 791 (Tex.
Crim. App. 1978) (noting that in ruling on a motion for new trial, trial court
may accept or reject any part of a witness’s testimony).  Based on the
conflicting testimony presented, the trial court could have reasonably
concluded the new evidence was not a recantation that would probably bring
about a different result in a new trial.  See Wallace, 106 S.W.3d at
108.  Thus, the trial court did not abuse its discretion when it denied
appellant’s motion for new trial.  Appellant’s sole issue on appeal is
overruled.

IV.   Conclusion

            We
affirm the trial court’s judgment.

 

                                                                                                                                                 

                                                                                         Gregory
T. Perkes

                                                                                         Justice

 

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed the


28th day of July, 2011.


 









[1]  Pursuant to a docket-equalization
order issued by the Supreme Court of Texas, this case is before us on transfer
from the Tenth Court of Appeals in Waco, Texas.  See Tex Gov't Code Ann. § 73.001 (West
2005).

 





[2]  We use the pseudonym, A.W., to
protect the identity of the minor victim.