NO. 07-10-0299-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 20, 2011

_____

JASON EUGENE WALKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY;

NO. 1158699D; HONORABLE GEORGE GALLAGHER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jason Eugene Walker, was convicted by a jury of murder[1] and sentenced to thirty years confinement. Appellant presents three points of error on appeal: (1) whether the trial court erred by failing to include an instruction in the jury charge that Appellant had the right to protect himself against the use of unlawful deadly force by either the decedent or other assailants; (2) whether the trial court abused its discretion by denying Appellant's motion for new trial; and (3) whether the trial court

---

[1]See Tex. Penal Code Ann. § 19.02(b)(1) (West 2011).

erred by admitting an extraneous offense during the guilt/innocence phase of trial.  We affirm.

## Background

On August 19, 2009, a Tarrant County Grand Jury indicted Appellant for intentionally or knowingly causing the death of Wesley Taylor, on or about May 20, 2009, by cutting or stabbing Taylor with a deadly weapon, to wit: a knife, which in the manner of its use or intended use was capable of causing death or serious bodily injury.[2]

At trial, Tracy Najera, Appellant's former girlfriend, testified that, on May 20, 2009, Appellant came home and became angry because Wesley Taylor was in their apartment. Appellant and Taylor subsequently began arguing and, when Najera attempted to separate the two, Appellant pushed Najera to the ground and jumped on Taylor.  While Appellant was kneeling atop Taylor, Najera observed Appellant stab Taylor several times.  Appellant then jumped up and ran out the front door.  Taylor subsequently died from a knife wound that punctured his aorta.

During opening statements, Appellant's counsel argued that Appellant stabbed Taylor while he was defending against an attack by Najera and Taylor, both of whom were brandishing knives.  In support, Appellant solicited testimony at trial from Detective Tony Burnett of the Euless Police Department during cross-examination that Appellant stated in two interviews that Najera and Taylor backed him into the kitchen where Taylor

---

[2]In its second count, the indictment alleged, as a lesser-included charge, that Appellant committed an aggravated assault on Taylor.  *See* Tex. Penal Code Ann. § 22.02 (West 2011).

pulled a kitchen knife. Appellant also produced several crime scene photographs showing his hat lying on the kitchen floor of the apartment.

At the trial's end, Appellant's counsel argued in his closing statement that Appellant stabbed Taylor while defending himself against a deadly attack by Najera and Taylor. Thereafter, the trial court instructed the jury on self-defense in the abstract portion of the jury charge and stated in the application portion, in pertinent part, as follows:

> if you find from the evidence beyond a reasonable doubt that on or about the 20[th] day of May, 2009, in Tarrant County, Texas, the Defendant, Jason Eugene Walker, did then and there intentionally, with the intent to cause serious bodily injury to Wesley Taylor, commit an act clearly dangerous to human life, namely, cutting or stabbing him with a deadly weapon, to wit: a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury, which caused his death, but you further find from the evidence, or you have a reasonable doubt thereof, that at that time the defendant was under attack or attempted attack from Wesley Taylor or Tracy Najera and Wesley Taylor, if any, and that the Defendant reasonably believed, as viewed from his standpoint, that such deadly force as he used, if any, was immediately necessary to protect himself against such attack or attempted attack, and so, believing, if he did, he cut or stabbed Wesley Taylor, if he did, which caused his death, then you will acquit the Defendant and say by your verdict "Not Guilty."

Thereafter, the jury found Appellant guilty of murder and sentenced him to thirty years confinement. This appeal followed.

**Discussion**

Based upon Appellant's two recorded interviews with Detective Burnett, Appellant asserts the trial court erred by not including an instruction in the jury charge on multiple assailants and the error was egregious because the focus of the trial, closing arguments, and the weight of the contested issues at trial revolved around

Appellant's contention that he was attacked by Najera and Taylor. Because of the lack of a multiple assailant instruction, Appellant also asserts the trial court erred by denying his motion for new trial. Lastly, Appellant asserts the trial court erred by admitting evidence of an extraneous offense, i.e., photographs of pseudoephedrine and testimony that possession of pseudoephedrine, a precursor to the manufacture of methamphetamine, is a crime.[3]

### Jury Instruction – Multiple Assailants[4]

In analyzing a jury-charge issue, we first determine if error occurred and, if so, we conduct a harm analysis. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex.Crim.App. 2005). The degree of harm required for reversal depends on whether Appellant preserved error by objection. *Id.* A jury-charge error requires reversal when, after proper objection, the appellant suffers "some harm" to his rights. *Id.; Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g), *reaffirmed Middleton v. State*, 125 S.W.3d 450, 453 (Tex.Crim.App. 2003). If, as here, Appellant failed to object at trial and offered no objections to the charge, charge error does not require reversal unless he shows "egregious harm." *Almanza,* 686 S.W.2d at 171. Errors that result in egregious harm are those that affect "the very basis of the case," "deprive the defendant of a valuable

---

[3]*See* Tex. Health & Safety Code Ann. §§ 481.002(51)(O), 481.124(a) (West 2010).

[4]The theory behind the multiple assailant charge is that, when it is clear that an attack is being conducted by multiple people as a group, a defendant is justified in using force against any member of the group, even if the recipient of the force is not engaging in conduct that would, by itself, justify the use of force or deadly force. *Dickey v. State*, 22 S.W.3d 490, 493 (Tex.Crim.App. 1990) (Keller, J., concurring). To be entitled to such an instruction, then, there needs to be "evidence, viewed from the accused's standpoint, that he was in danger of an unlawful attack or a threatened attack at the hands of more than one assailant." *Frank v. State*, 688 S.W.2d 863, 868 (Tex.Crim.App. 1985) (quoting *Wilson v. State,* 140 Tex.Crim. 424, 145 S.W.2d 80, 893 (1940)).

right," or "vitally affect a defensive theory." *Ngo*, 175 S.W.3d at 750 (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996)).[5]

The purpose of the jury charge is to inform the jury of the applicable law and guide the jurors in applying it to the facts of the case. *Hutch*, 922 S.W.2d at 170. Under article 36.14 of the Texas Code of Criminal Procedure, a trial judge is required to "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14 (West 2011). *See Taylor v. State*, 332 S.W.3d 483, 486 (Tex.Crim.App. 2011). A judge's duty to properly charge the jury exists even when defense counsel fails to object to inclusions in the charge and thus the judge must *sua sponte* instruct the jury on the law applicable to the case. *Taylor*, 332 S.W.3d at 486. This *sua sponte* duty, however, does not necessarily extend to issues dependent on strategy or tactics such as defensive issues, lesser-included offenses, or evidentiary issues. *See Delgado v. State*, 235 S.W.3d 244, 249 (Tex.Crim.App. 2007). Generally, such issues are "law applicable to the case" for purposes of article 36.14 *only* if raised by the evidence and requested to be included in the charge. *See Taylor*, 332 S.W.3d at 487 ("An unrequested defensive issue is not the law applicable to the case.") *See also Delgado*, 235 S.W.3d at 249-51.

Because a defensive issue is not "the law applicable to the case" until the defendant requests it be included in the court's charge, a defendant forfeits his right to complain on appeal about the omission of a defensive issue if he fails to request such

---

[5]Under *Almanza*, to determine whether the error was so egregious that a defendant was denied a fair and impartial trial, a reviewing court should examine: (1) the entire jury charge; (2) the state of the evidence; (3) the arguments of counsel; and (4) any other relevant information in the record. *Ngo*, 175 S.W.3d at 750 n.48 (citing *Almanza*, 686 S.W.2d at 171).

an instruction at trial. *See Delgado*, 235 S.W.3d at 249-51; *Williams v. State*, 273 S.W.3d 200, 223 (Tex.Crim.App. 2008). Here, the record reflects that Appellant did not request that a multiple assailant charge be included or otherwise object to the charge. Thus, without a request, the trial court was under no duty to include such an instruction in its charge and committed no error in not including it. *See Williams,* 273 S.W.3d at 223 (citing *Posey v. State,* 966 S.W.2d 57, 63 (Tex.Crim.App. 1998)).

Alternatively, even if the trial court committed error by not including a multiple assailant charge, Appellant has not shown he was egregiously harmed. Here, the jury was informed, "[i]t is not necessary that there be an actual attack or attempted attack, as a person has a right to defend his life and person from apparent danger as fully and to the same extent as he would had the danger been real, provided that he acted upon a reasonable apprehension of danger . . . ." The jury was further instructed "you should consider all relevant facts and circumstances surrounding the killing . . . to show the condition of the mind of the accused at the time of the offense, if any." Thus, the instruction, as a whole, informed the jury it could look to "all facts and circumstances in the case" to determine Appellant's state of mind. In addition, the application paragraph refers to justification of Appellant's use of force not only against Taylor but also Najera.

In addition, in finding Appellant guilty, the jury implicitly rejected his self-defense theory against Taylor, which necessarily indicates that the jury also would have rejected a self-defense theory involving multiple assailants, i.e.,Taylor and Najera. *See Dickey v. State*, 22 S.W.3d 490, 493 (Tex.Crim.App. 1990) (Keller, J., concurring); *Baines v. State,* No. 14-08-00265-CR, 2009 Tex. App. LEXIS 347, at *18-20 (Tex.App.—Houston [14[th] Dist.] Jan. 20, 2009, pet. ref'd) (not designated for publication); *Rodriquez v. State*,

6

No. 14-06-00609-CR, 2008 Tex. App. LEXIS 3441, at *14-15 (Tex.App.—Houston [14th Dist.] May 13, 2008, pet. ref'd) (not designated for publication). Accordingly, there was no showing of any actual harm from any presumed error. *See Dickey*, 22 S.W.3d at 492 (majority opinion); *Rodriquez*, 2008 Tex. App. LEXIS 3441, at *15. Accordingly, we overrule Appellant's first point of error.

**Motion for New Trial**

Appellant asserts the trial court abused its discretion by denying his motion for a new trial because the trial court failed to include a multiple assailant instruction in the jury charge. An appellate court reviews a trial court's denial of a motion for new trial under an abuse of discretion standard. *Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App. 1995). "We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Holden v. State*, 201 S.W.3d 761, 763 (Tex.Crim.App. 2006). A trial court abuses its discretion denying a motion for new trial only when no reasonable view of the record would support the trial court's ruling. *Id.*

Having determined that the trial court did not have a duty to *sua sponte* include a multiple assailant instruction in the jury charge and, alternatively, that any failure to include such an instruction did not cause Appellant any egregious harm, we find that the trial court did not abuse its discretion in denying Appellant's motion for new trial. Appellant's second point of error is overruled.

**Extraneous Offense**

Appellant asserts the trial court abused its discretion by admitting photographs depicting pseudoephedrine tablets in a trash can at the Waffle House where Appellant was arrested and testimony by Officer Hinojosa that pseudoephedrine, such as was depicted in the photographs, is a precursor to the manufacture of methamphetamine and a person may be charged with possession of a precursor of methamphetamine. Officer Hinojosa also testified that it was legal to purchase pseudoephedrine and he did not know who put the pseudoephedrine in the trash can.

While acknowledging that the trial court is given wide latitude to admit or exclude evidence of extraneous offenses; *Sanders v. State*, 255 S.W.3d 754, 760 (Tex.App.—Fort Worth 2008, pet. ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex.Crim.App. 1991)), we review a trial court's ruling on the admissibility of extraneous offense evidence under an abuse of discretion standard. *Prible v. State*, 175 S.W.3d 724, 731 (Tex.Crim.App. 2005). If a trial court errs in admitting evidence, we must next determine whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997) (citing *Kotteakos v. U.S.*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed.2d 1557 (1946)). An error that has no influence or only a slight influence on the verdict is harmless. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998).

Even assuming the trial court erred in admitting the evidence, its admission was harmless and any error was cured by admission of the same evidence elsewhere

without objection.[6] The "extraneous offense" evidence merely established that it *could* be a crime to have pseudoephedrine in your possession because it is used in the manufacture of methamphetamine. No one testified that the pseudoephedrine found in the trash can was an amount sufficient to warrant an arrest for possession of a precursor of methamphetamine or that Appellant placed the pseudoephedrine in the trash can. To the contrary, Officer Hinojosa testified it was legal to purchase pseudoephedrine and he did not know who placed the pseudoephedrine in the trash can.

In addition, prior to the admission of the photographs or Officer Hinojosa's testimony, Najera testified, without objection, that she and Appellant used drugs together on a daily basis. She also testified that she made methamphetamine and had been arrested for having enough Sudafed to make drugs. She testified she "cooked" drugs and Appellant sold the drugs she made as well as drugs obtained from other third parties. Detective Burnett also testified, without objection, that methamphetamine was manufactured using pseudoephedrine. Accordingly, we find that, if the trial court did err by admitting the evidence, the error had no or only a slight influence on the verdict. *See Johnson,* 967 S.W.2d at 417. Appellant's third point of error is overruled.

---

[6]"An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Lane v. State*, 151 S.W.3d 188, 193 (Tex.Crim.App. 2004) (citing *Valle v. State,* 109 S.W.3d 500, 509 (Tex.Crim.App. 2003)).

## Conclusion

Having overruled each of Appellant's points of error, the judgment of the trial court is affirmed.

Patrick A. Pirtle
Justice

Do not publish