**Order issued December 9, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00156-CR

———————————

**JAVIER GALINDO PACHECO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1341972**

---

## ORDER ON MOTION TO ABATE

Appellant, Javier Galindo Pacheco, pleaded guilty to sexual assault of a minor[1] without an agreed recommendation on punishment from the State. The trial court found Appellant guilty and, after a pre-sentence investigation, assessed

---

[1]    *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (Vernon 2011).

punishment at 18 years in prison. Appellant filed a motion for new trial. The trial court denied the motion without conducting a hearing. In his appellate brief, Appellant claims as his sole issue that the trial court abused its discretion by refusing to conduct an evidentiary hearing and requests that we abate the appeal, ordering the trial court to hold such a hearing.

We treat Appellant's sole issue as a motion to abate and deny the motion. We further strike the remainder of the brief and order Appellant's counsel to file a brief within 30 days of this order.

## Background

After a jury was seated for his trial on sexual assault of a minor, Appellant elected to plead guilty without an agreed punishment recommendation from the State. The trial court admonished Appellant on the consequences of his plea. Appellant, through the aid of an interpreter, said yes to all of the trial court's questions, indicating he understood that he had been charged with a felony offense, that the range of punishment was two to twenty years in prison, that his attorney had explained everything to him, and that he was freely and voluntarily pleading guilty. After the pre-sentence investigation was conducted, the trial court conducted a hearing and assessed punishment at 18 years in prison. The trial court granted Appellant's trial counsel's motion to withdraw on the same day.

2

After appellate counsel was appointed, Appellant filed a motion for new trial. In the unsworn declaration supporting the motion for new trial, Appellant alleged that his trial counsel told him that he was pleading guilty to a reduced, misdemeanor offense, that the punishment would probably be equal to the jail time he had already served, and that he should say yes to everything the judge asked him during his plea. Appellant asserted that he is not guilty of the offense and that, if he had known the truth, he would not have pleaded guilty.

Appellant's trial counsel filed a responding affidavit. In it, he claimed that he informed Appellant of the range of punishment he would face for offense charged against him. He also claimed that he fully explained the consequences of pleading guilty, including that Appellant would be pleading guilty to the felony offense of sexual assault of a child and that the sentencing range was two to twenty years in prison. Appellant's trial counsel asserted that he is fluent in Spanish. But he also asserted that the certified court interpreter assisted in reviewing the plea paperwork with Appellant. The attorney specifically denied telling Appellant that the charge was being reduced to a misdemeanor or that he was pleading guilty to anything other than sexual assault of a child.

The trial court held a hearing, but denied Appellant's request for an evidentiary hearing. At the hearing, Appellant's counsel argued,

> [W]e believe that the allegation requires a lengthier development than
> [Appellant's trial counsel's] response in his affidavit. . . . [W]e

3

believe that a hearing would allow us to further cross-examine [Appellant's trial counsel] as to the particulars of the conversation that he had privately with [Appellant] that led to the plea rather than the Court admonishment and proceeding that happened on the record in front of Your Honor.

The trial court responded,

I do have a recollection of this case. It was actually set for trial. In the middle of trial, having selected a jury at the time that [Appellant] made the decision to enter a plea of guilty to this Court. [Appellant's trial counsel] was present along with attorneys and representatives from the Mexican Consulate at the time that he entered this plea. I have had an opportunity, as I stated earlier, to review the affidavit that was submitted both by [Appellant] and the attorneys. Having reviewed them, I believe that they sufficiently address the issues that have been raised. Therefore, your request for a live hearing is denied; and also the Motion For New Trial is denied.

**Hearing on Appellant's Motion for New Trial**

Appellant argues that the trial court abused its discretion by denying his request for a hearing on a motion for new trial.

**A.    Standard of Review & Applicable Law**

A defendant does not have an absolute right to a hearing on his motion for new trial. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). Instead, he is entitled to a hearing when he (1) raises matters which are not determinable from the record and (2) establishes reasonable grounds showing that he could potentially be entitled to relief. *Id.*

We review the trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App.

4

2009). A trial court abuses its discretion when the ruling "was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id.* (internal quotations omitted). "Our review . . . is limited to the trial [court]'s determination of whether the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief." *Id.*

Even if the defendant meets the requirements for obtaining a hearing, however, the trial court is not required to allow live testimony at the hearing. *Holden v. State*, 201 S.W.3d 761, 764 (Tex. Crim. App. 2006). Instead, that decision lies within the discretion of the trial court. *See id.* (holding trial court did not abuse its discretion by ruling based only on affidavits).

**B.    Analysis**

Appellant's complaint on appeal is that the trial court abused its discretion by denying his request for a hearing. But the record establishes that a hearing was held. The complaint presented at the hearing is that Appellant sought an opportunity to present live evidence at the hearing, which the trial court denied. Appellant's explanation for why he wanted to present live evidence was that he wanted to further examine his trial counsel. The trial court explained that it believed the attorney's affidavit "sufficiently address[ed] the issues that have been raised."

In his affidavit, Appellant's trial attorney denied saying what Appellant alleges he said. The attorney explained what information he gave Appellant, including that Appellant would be pleading guilty to sexual offense of a child and that the sentencing range was two to twenty years in prison. The attorney also asserted that the court's interpreter assisted in reviewing the plea paperwork with Appellant.

In *Holden*, the Court of Criminal Appeals held that a trial court is able to make determinations of credibility when the parties testifying by affidavit have already appeared before the trial court. *Id.* Accordingly, because Appellant's trial attorney had appeared before the trial court on the guilty plea in question, we are required to conclude that the trial court was able to make the necessary credibility determinations. *See id.* Additionally, the record establishes that Appellant's trial attorney specifically denied Appellant's allegations and identified the information he did give to Appellant. Appellant does not identify any other remaining information that was necessary for the trial court to make a sufficient ruling. Accordingly, Appellant has failed to identify any abuse of discretion on the trial court's denial of his request to present live testimony.

We deny Appellant's request to abate the appeal and remand for a hearing on his motion.

**Disposition**

Appellant filed a brief claiming as his sole issue that the trial court abused its discretion by denying his request for a hearing on a motion for new trial. Significantly, the only relief that Appellant seeks in his prayer is for us to *abate* the appeal and remand to the trial court for a hearing on his motion.

If (1) a trial court acts erroneously, refuses to act, or fails to act; (2) the action or lack of action of the trial court prevents proper presentation of a case to a court of appeals; and (3) the trial court can correct its action or lack of action, then we cannot affirm, reverse, or dismiss an appeal. TEX. R. APP. P. 44.4(a). Instead, we must remand the case to the trial court for the trial court to correct the error. TEX. R. APP. P. 44.4(b). After that, we then act as if the erroneous action never happened, and proceed with the appeal. *Id.*

It is for this reason that issues requiring an appellate court to abate are properly brought as a motion before the case is submitted. If the issue is not raised in a motion before submission but is instead raised as an issue in a brief, we treat the issue as a motion and render an order. *See Washington v. State*, 394 S.W.3d 39, 40, 44–45 (Tex. App.—Houston [1st Dist.] 2012, order) (identifying abatement as issue raised in brief on merits but issuing order and requiring subsequent briefing on merits).

7

We have held that Appellant is not entitled to an abatement. This is the sole issue raised in Appellant's brief. If Appellant's counsel on appeal had submitted this issue as a motion prior to submission, the result would have been that we would have denied the motion and ordered him to file a brief on the merits. If Appellant's counsel on appeal determined there were any other issues warranting relief, he would be required to address them. If, on the other hand, Appellant's counsel on appeal determined there were not any other issues warranting relief, Appellant's counsel would be required to file an *Anders* brief. *See Anders v. State of Cal.*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). By filing an *Anders* brief, Appellant would be entitled to have the court review the entire record for error. *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400.

Appellant's brief does not raise any matter that could entitle him to modification, reversal, or vacature of the trial court's judgment. *See* TEX. R. APP. P. 43.2 (identifying actions courts of appeals may take concerning appeal and trial court's judgment). Nor does Appellant seek dismissal of his appeal. *See id.* The only option remaining is to affirm the judgment of the trial court. *See id.* A brief recommending affirming the trial court's judgment, however, must comply with the requirements for filing an *Anders* brief. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Schulman*, 252 S.W.3d at 406; *see also McCoy v. Court of Appeals of*

*Wisc., Dist. 1*, 486 U.S. 429, 442, 108 S. Ct. 1895, 1903–04 (1988) (requiring appellate court, in addition to determining whether counsel correctly determined that appeal is frivolous, to "satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal").

Because Appellant's brief does not seek a change to the trial court's judgment and does not satisfy the requirement for an *Anders* brief, we order Appellant, through counsel, to file a brief seeking some available final appellate relief or complying with the requirements for an *Anders* brief.

## Conclusion

We deny Appellant's motion to abate the appeal. We further strike the remainder of Appellant's brief. We remove this case from the submission docket, and order Appellant's counsel to file a new brief. The new brief either must identify a ground that could support reversal or modification of the trial court's judgment or must comply with the requirements for filing an *Anders* brief, including filing a motion to withdraw. We order that the amended brief be filed no later than 30 days from the date of this order.

Laura Carter Higley
Justice

9

Panel consists of Justices Keyes, Higley, and Brown.

Publish. *See* TEX. R. APP. P. 47.2(b).