**Opinion issued December 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00238-CR

———————————

**DANG DUY TRUONG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1410374**

---

## MEMORANDUM OPINION

A jury convicted Dang Duy Truong of aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE § 29.03. The jury assessed punishment at 40 years in prison. In his sole issue on appeal, Truong contends that he received ineffective

assistance of counsel during the punishment phase of trial. He raised this issue in a motion for new trial, which the trial court denied.

Because the record supports a conclusion that appointed counsel did not render deficient performance by failing to adequately investigate or present mitigation evidence, we affirm the conviction.

## Background

A grand jury indicted appellant Dang Duy Truong for aggravated robbery with a deadly weapon arising from a robbery at the Beijing Game Room in Houston, Texas. During a trial before a jury, Truong admitted to participating in the robbery. The jury convicted him of aggravated robbery with a deadly weapon and assessed punishment at 40 years in prison. *See* TEX. PENAL CODE § 29.03.

During the punishment phase of trial, the appointed defense counsel, Thomas Radosevich, called Truong as the only defense witness. He testified about his understanding and knowledge of the conditions of probation, and he asked the jury to consider placing him on community supervision.

After trial, Truong filed a motion for new trial alleging ineffective assistance of counsel during the punishment phase. At a hearing on the motion, he offered into evidence several affidavits supporting his claim that Radosevich was ineffective. These affidavits were made by a long-time friend, Christine Nguyen,

2

an ex-girlfriend, Kim Ho, Truong's adoptive mother, Lucy Thai, appointed counsel, Thomas Radosevich, and another attorney, Lott Brooks.

According to Nguyen's and Ho's affidavits, Radosevich sent them text messages regarding Truong's case, but he eventually stopped returning their texts and calls. Nguyen would have testified that Truong was "like a little brother" to her, that he was "always willing to help others," that he "learned a lot about how easily others had influenced him," and that "he would have been successful on probation." Ho averred that she would have testified that Truong "is a really sweet person" and "was very remorseful of the situation."

Lucy Thai's affidavit stated that Truong's trial attorney "never contacted" her, but she "would have testified for him" if she had been "given the opportunity." Her testimony would have included information about Truong's family history. She would have testified that his biological father was "not around." According to Thai, her sister was Truong's biological mother, who suffered from a mental illness and gave birth to him when she was 15 years old. Her sister "would wander around" and not care for Truong, and as a young child he spent "almost a year and a half" living in an orphanage. After her sister died, Thai adopted Truong, and when he was 8 years old, they moved to the United States as "refugees escaping the communist country." She also would have testified that Truong "would say or do things" that made her think that he "suffered from a mental illness like his

3

mother," but that he "was a good child" who "graduated from high school," and "he feels very bad for this situation."

Truong also offered an affidavit from Radosevich. He stated that he "did not subpoena witnesses" even though he "knew some were available" and that he had communicated with Nguyen and Ho regarding the case. Radosevich also said that he was "not advised Mr. Truong had an adoptive mother or any other relatives," or he "would have contacted them, too." In addition, Radosevich's affidavit said that "up until the trial, it appeared—and Mr. Truong, Ms. Nguyen, and Ms. Ho seemed to believe—that attorney Lott Brooks would be hired to handle the case," but he wasn't. In another affidavit, Brooks said that the family contacted him but could not afford his services, and thus he never began working on Truong's case.

The State offered its own affidavit from Radosevich during the hearing. In this affidavit, Radosevich contradicted the statements of Nguyen and Ho by claiming that he had communicated with them "by e-mail, text, and probably by telephone" and he "tried to get them to meet" him. He also repeated that he was never advised about an adoptive mother or other relatives, but he added that he provided Truong "written memorandums covering varying aspects of defending and trying a case," explaining what was needed from him "and his family and his friends, to defend him." He also averred that he met with Truong in person to view and discuss the evidence in the case.

4

Based on this evidence, the trial court denied the motion for new trial. Truong appealed.

## Analysis

In a single issue, Truong contends that Radosevich provided ineffective assistance of counsel during the punishment phase of his trial. He argues that Radosevich failed to investigate his background or present mitigation evidence.

When a claim of ineffective assistance of counsel is asserted by a defendant in a motion for new trial, and that motion is denied after an evidentiary hearing, the denial of the motion is reviewed under an abuse-of-discretion standard. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006); *Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). "We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement." *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Anderson*, 193 S.W.3d at 39. We do not substitute our judgment for that of the trial court; rather we decide whether the trial court's decision was arbitrary or unreasonable. *Holden*, 201 S.W.3d at 763. When, as in this case, the trial court makes no findings of fact regarding the denial of a motion for new trial, we "impute implicit factual findings that support the trial judge's ultimate ruling on that motion when such implicit factual findings are both reasonable and supported in the record." *See Johnson v. State*, 169 S.W.3d 223,

5

239 (Tex. Crim. App. 2005). A trial court only abuses its discretion in denying a motion for new trial when no reasonable view of the record could support its ruling. *Id.*

Claims that a defendant received ineffective assistance of counsel are governed by the standard announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Strickland* mandates a two-part test: (1) whether the attorney's performance was deficient, i.e., whether counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and if so, (2) whether that deficient performance prejudiced the party's defense. 466 U.S. at 687, 104 S. Ct. at 2064. "The defendant has the burden to establish both prongs by a preponderance of the evidence; failure to make either showing defeats an ineffectiveness claim." *Shamim v. State*, 443 S.W.3d 316, 321 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (*citing Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011)).

A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and the appellant bears the burden to overcome the presumption that, under the circumstances, the challenged action was a result of sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. An accused is not entitled to perfect representation, and a reviewing court must look to the totality of the

representation when gauging trial counsel's performance. *Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013).

An attorney representing a criminal defendant has a duty to make an independent investigation of the facts of the case. *McFarland v. State*, 928 S.W.2d 482, 501 (Tex. Crim. App. 1996); *Ex parte Duffy*, 607 S.W.2d 507, 516–17 (Tex. Crim. App. 1980). This includes conducting a legal and factual investigation and seeking out and interviewing potential witnesses. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). An attorney also must conduct an adequate investigation into potential mitigation evidence. *Wiggins v. Smith*, 539 U.S. 510, 522–23, 123 S. Ct. 2527, 2536 (2003); *Goody v. State*, 433 S.W.3d 74, 80 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). In considering whether trial counsel conducted an adequate investigation for potential mitigation evidence, a court focuses on whether the investigation supporting counsel's decision not to introduce mitigation evidence was reasonable. *Wiggins*, 539 U.S. at 522–23, 123 S. Ct. at 2536; *Goody*, 433 S.W.3d at 80. An attorney's decision not to investigate or to limit the scope of the investigation is given a "heavy measure of deference" and assessed in light of all of the circumstances to determine whether reasonable professional judgment would support the decision. *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. But failure to uncover and present mitigation evidence cannot be justified when counsel has not conducted a thorough investigation of the

defendant's background. *Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd).

The affidavits presented at the hearing on the motion for new trial were the only evidence offered in support of the ineffective assistance of counsel claim. Based on these affidavits, Truong argues that Radosevich should have called Nguyen and Ho to present mitigation evidence, and he uses the affidavits of his adoptive mother and Brooks to show that Radosevich did not conduct a thorough investigation of his background.

With respect to Truong's argument that Radosevich should have called Nguyen and Ho as mitigation witnesses, the trial court was the "sole factfinder and judge of . . . credibility at the motion for new trial hearing, both during live testimony and in affidavits." *See Riley v. State*, 378 S.W.3d 453, 459 (Tex. Crim. App. 2012). Radosevich's decision not to call Nguyen and Ho is given a heavy measure of deference. *See Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. In this case, there was a conflict between the affidavits. The trial court could have disbelieved Nguyen's and Ho's affidavits and believed Radosevich's, and found that he tried to contact and meet with them. *See Kober*, 988 S.W.2d at 233. A reasonable view of the record supports a finding that Radosevich used reasonable professional judgment in deciding not to call Nguyen and Ho because they would not meet with him prior to trial. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

8

Because a reasonable view of the record supports the trial court's judgment, we conclude that the trial court did not abuse its discretion by refusing to grant Truong's motion on the ground that Radosevich failed to call Nguyen and Ho. *See Strickland*, 466 U.S. at 687–90, 104 S. Ct. at 2064–66; *Webb*, 232 S.W.3d at 112; *Riley*, 378 S.W.3d at 457.

Additionally, the record supports the trial court's implicit rejection of Truong's claim that Radosevich failed to conduct an investigation into his background. Radosevich's affidavit demonstrated that he discussed with Truong what was needed from him and his family, and it shows that he contacted two character witnesses. The affidavits of Thai and Brooks are the only evidence that suggest a lack of investigation into Truong's background. Radosevich averred that he never knew of Thai and there is no evidence in the record to suggest he should have known of her. Further, there is no evidence in the record that Radosevich failed to investigate Truong's background because it appeared to him that Brooks was going to handle the case.

Based on the limited and conflicting evidence presented, the trial court reasonably could have found that Truong did not meet his burden to overcome the strong presumption that Radosevich's conduct fell within the wide range of reasonable professional assistance and that his actions were the result of sound trial strategy. *See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Therefore, Truong did

not satisfy the first prong of *Strickland*, and the trial court did not abuse its discretion in refusing to grant Truong's new-trial motion. *See id.*; *see also Shamim*, 443 S.W.3d at 321.

Because the trial court did not abuse its discretion by refusing to grant a new trial, we overrule Truong's sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).